**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUN **1 4** 2011

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

| | | |
|---|---|---|
| PLAINTIFF A, PLAINTIFF B, PLAINTIFF C, and PLAINTIFF D | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. _____ |
| RICHARD WAYNE SCHAIR and WET-A-LINE TOURS, LLC | ) ) ) | **2:11-CV- 145** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs A, B, C and D, by and through their undersigned attorneys, bring

this action against Defendants Richard Wayne Schair and Wet-A-Line Tours, LLC

alleging as follows:

### NATURE AND BASIS OF ACTION

1.

Plaintiffs are young Brazilian women, all of whom were victims of sex

trafficking, in or affecting international commerce, as defined by the Victims of

Trafficking and Violence Protection Act of 2000, while under the age of eighteen.

They were caused to engage in commercial sex acts by Defendants. Plaintiffs

bring this action using pseudonyms and are filing a motion to maintain their

anonymity. As set out more fully in that motion, Plaintiffs have a substantial privacy right and a right to safety that outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings.

2.

Sex trafficking includes the recruitment, harboring, transportation, provision, or obtaining of a person under the age of eighteen years old or through the use of force, threats of force, fraud, or coercion for the purpose of engaging in a commercial sex act.

3.

Defendants, by and through their agents and employees, engaged in international commerce and sex trafficking of children by recruiting customers in the United States to engage in "sex tourism" in Brazil. Defendants arranged transportation for their customers from the United States to Brazil and recruited girls, including Plaintiffs and other girls, many of whom, like Plaintiffs, were under eighteen years of age, to engage in commercial sex acts with Defendants' customers and with Defendant Schair himself aboard Defendants' fishing boat, the AMAZON SANTANA.

4.

Defendant Schair, his employees, and/or his customers recruited young girls at a "social club" near the Amazon river using such tactics as displaying wealth, providing the girls alcoholic drinks, and other means of trickery and deceit, thereby inducing the girls to ride on the AMAZON SANTANA. Once the girls were on the boat, they were coerced into performing sex acts with Schair and his customers.

2

The Defendants were paid by the customers for their services, and sometimes the girls were paid modest amounts of money for engaging in these acts.

5.

The girls, including the Plaintiffs, were impoverished and the possibility of earning money on the boat was a significant inducement.

6.

Defendants committed such acts against Plaintiffs even though all were under the age of eighteeen at the time -- one as young as twelve years old.

7.

By and through these actions, Defendants directly participated in the obtainment, recruitment, and harboring of minors under the age of eighteen years to engage in commercial sex acts through use of fraudulent and coercive means. Furthermore, Defendant Schair knowingly received financial benefits and other things of value as a result of the above-described actions of Wet-A-Line Tours and/or its employees. These actions violate 18 U.S.C. § 1591.

8.

Accordingly, Plaintiffs seek damages from Defendants under 18 U.S.C. § 1595 for trafficking them to engage in commercial sex acts (1) while under the age of eighteen, and (2) by means of force, fraud or coercion, in the State of Amazonas, Brazil, aboard the vessel AMAZON SANTANA, which has been

3

owned and operated by Defendants Richard Wayne Schair ("Schair") and Wet-A-Line Tours, LLC ("Wet-A-Lines") (collectively, "Defendants"), in an amount to be determined at trial.

9.

The Victims of Trafficking and Violence Protection Act of 2000 (TVPA), Pub. L. No. 106-386, 114 Stat. 1464 (2000), is a federal statute passed by Congress to prevent and protect against sex trafficking and punish the traffickers and compensate victims.

10.

Under the TVPA, a person commits the offense of sex trafficking by engaging in the following:

Sex Trafficking Of Children or By Force, Fraud, or Coercion

(a)   Whoever knowingly -

    (1)   in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the  United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

    (2)   benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage

in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act...

...

(e)   In this section:

...

(2)   The term "coercion" means -

(A)   threats of serious harm to or physical restraint against any person;

(B)   any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C)   the abuse or threatened abuse of law or the legal process.

(3)   The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

(4)   The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

(5)   The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

18 U.S.C. § 1591.

## PARTIES

### 11.

Defendant Richard Wayne Schair is a United States citizen and a resident of Gainesville, Georgia who founded Wet-A-Line Tours fishing tour company and registered it as a Georgia Limited Liability corporation in July of 1998.  Schair, by and through his employees or agents, recruited, obtained, harbored, and transported young girls under the age of eighteen aboard the AMAZON SANTANA and used fraudulent means to solicit and coerce Plaintiffs into commercial sexual acts with his customers on the AMAZON SANTANA.

### 12.

Defendant Wet-A-Line Tours has run fishing tours for mainly United States customers to Brazil and Mexico.  For several years up until 2009, Wet-A-Line Tours operated week-long fishing tours along rivers in the Amazon River basin in Brazil aboard the AMAZON SANTANA.  It is on such tours that Plaintiffs were recruited and obtained to perform commercial sexual acts when they were minors through means of fraud and coercion.

### 13.

Plaintiff A is a citizen of Brazil, who resides in the state of Amazonas, Brazil.  When she was under the age of eighteen, Plaintiff A was coerced into

performing commercial sexual acts for Defendants' passengers aboard the AMAZON SANTANA.

14.

Plaintiff B is a citizen of Brazil, who resides in the state of Amazonas, Brazil. When she was sixteen years old, Plaintiff B was coerced into taking drugs and performing commmercial sex acts for Defendants' passengers aboard the AMAZON SANTANA.

15.

Plaintiff C is a citizen of Brazil, who resides in the state of Amazonas, Brazil. When she was twelve years old, Plaintiff C was fraudulently induced to board the AMAZON SANTANA. While on board the AMAZON SANTANA, Plaintiff C was forced to perform a commercial sex act for which she was paid a small amount of money.

16.

Plaintiff D is a citizen of Brazil, who resides in the state of Amazonas, Brazil. When she was seventeen years old, Plaintiff D was forced to perform commercial sex acts for Defendants' passengers aboard the AMAZON SANTANA.

## JURISDICTION AND VENUE

17.

This Court's subject-matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331, as this action involves questions of federal law, and 18 U.S.C. § 1596, which

7

grants extra-territorial jurisdiction over United States citizens who commit offenses under § 1591 in international commerce outside of the United States. Further, this Court has jurisdiction under 18 U.S.C. §§ 1591 and 1595, which permit civil actions for violations of the trafficking provisions of the Victims of Trafficking and Violence Protection Act of 2000.

18.

This Court has personal jurisdiction over Defendant Schair who, on information and belief, resides in Gainesville, Georgia.

19.

This Court has personal jurisdiction over Defendant Wet-A-Line Tours because it is registered as a Georgia Limited Liability Company. Further, Defendant Wet-A-Line has or, at all relevant times had substantial, continuous, and systematic business contacts with the United States and the State of Georgia.

20.

Venue is proper in this district pursuant to 18 U.S.C. § 1391(b) and § 1965 because at all material times the Defendants resided in or maintained their principal place of business in this district.

## FACTUAL ALLEGATIONS

### I.     Trafficking in Persons

21.

Trafficking in persons is a global phenomenon and an egregious human rights violation. (*See* United States Department of State, Trafficking in Persons Report at 8 (June 2007) (hereinafter "TIP 2007").

22.

Human traffickers prey on the most vulnerable members of society, including people living in abject poverty and persons unable to find work in their towns or countries. They typically trick, coerce, or win the confidence of their victims through false promises of a better life. Victims are often lured with false promises of good jobs and better lives, only to find themselves trapped in brutal or dangerous conditions. (*Id.* at 9.) The viciousness of human trafficking has led to its condemnation as a "modern-day form of slavery." (*See* Introductory Letter to TIP 2007).

23.

Human trafficking is a transnational criminal enterprise, generating billions of dollars each year. (*See* U.S. Dep't of State, Trafficking in Persons Report at 13–14 (June 2005) ("According to the U.S. Federal Bureau of Investigation, human trafficking generates an estimated $9.5 billion in annual revenue.")).

24.

To combat trafficking, the United States has joined 116 other nations to become a party to the United Nations Protocol to Prevent, Suppress, and Punish Trafficking in Persons. In 2000, Congress enacted the Trafficking Victims Protection Act to combat trafficking in persons for the purpose of forced labor and forced prostitution.

## II.    Defendants' Sex Trafficking Enterprise

25.

Defendants began operating Wet-A-Line Tours in 1998. For several years, Wet-A-Line Tours operated week-long fishing tours along the Amazon River in Brazil.

26.

Defendants' passengers included many affluent clients, mostly from the United States. Defendants' passengers paid money to Defendants for fishing tours aboard the AMAZON SANTANA.

27.

During the course of its operations, Defendants began arranging parties for their passengers aboard the AMAZON SANTANA involving both women and underage girls, drugs, and sexual conduct. Upon information and belief, Defendants' passengers became aware of this conduct and paid Defendants to

participate in trips aboard the AMAZON SANTANA because of this illicit conduct.

28.

Defendant Schair sent his employees into the Autazes community to recruit underage girls to perform commercial sex acts for Defendants' passengers aboard the AMAZON SANTANA.

29.

These employees, who spoke Portuguese, took smaller boats in Defendants' fleet to the dock at Autazes and sought out young girls to return with them to the AMAZON SANTANA.

30.

Defendants' employees frequented Clube do Forro, also known as Clube de Nelsinho, in Autazes, which many young girls in the area also frequented. Defendants' employees made it a practice of luring the girls to come aboard the boats by displays of wealth and use of alcohol as described above.

31.

Defendants' employees often promised to pay the young girls in excess of what jobs in their impoverished community could pay.

32.

Adilson "Popcorn" Garcia da Silva ("Adilson") was one of Defendants' employees who recruited these young girls in the clubs and in the community.

11

33.

Adilson began working for Defendants in 2000 as the lead fishing guide. At the direction of Defendant Schair, Adilson became responsible for recruiting young girls in the communities surrounding Autazes and for purchasing drugs for Defendant Schair and Defendants' passengers to use aboard the AMAZON SANTANA.

34.

Adilson recruited young girls at the request and direction of Defendant Schair, Defendants' senior employees, and Defendants' clients, who often asked for young girls below the age of majority or consent. These underage girls were requested for the purpose of performing, and were made to perform, sexual acts for the passengers aboard the AMAZON SANTANA.

35.

Admilson Garcia da Silva ("Admilson") was employed by Wet-A-Line Tours from 2001 to 2008. At the direction of Defendant Schair, he recruited and transported young girls under the age of eighteen from the Autazes community to perform sexual acts for Defendants' passengers aboard the AMAZON SANTANA.

36.

Other employees and/or agents of Defendant Schair recruited women and girls to perform various types of sexual acts for Defendants' passengers. Upon information and belief, the women and girls were paid to perform these sexual acts.

12

Some of the girls recruited in Autazes were as young as twelve and fourteen years old.

### III. The Plaintiffs' Experiences

37.

Plaintiffs are all women from severely impoverished families in the interior of Brazil.  During the period Plaintiffs were sex trafficked by Defendants, they each bore financial responsibilities to provide support to their parents and/or extended families.

### A. Plaintiff A

38.

On two occasions, at the age of about fifteen or sixteen years, Plaintiff A was provided alcoholic drinks by Defendants' passengers and Adilson in Autazes. Adilson then transported Plaintiff A to the AMAZON SANTANTA.

39.

On each of these occasions, while on board the AMAZON SANTANA, Plaintiff A was forced to perform oral sex and/or have penetrative sex with Defendants' passengers.

40.

Plaintiff A was paid a small amount of money for the forced sex acts. Defendants received payment and other financial benefits from Defendants' passengers as a result of the sex acts performed by Plaintiff A.

41.

Plaintiff A has suffered damage as a result of these illegal acts.

**B.   Plaintiff B**

42.

In 2005 at Clube do Forro, Defendants' employee, Adilson, convinced Plaintiff B, who was approximately sixteen years old at the time, to go on a boat ride.

43.

Defendants' employee, Adilson, transported Plaintiff B to the AMAZON SANTANA, where Plaintiff B saw girls having sex with Defendants' passengers and snorting cocaine. Defendant Schair was present on the boat.

44.

Defendants' passengers offered Plaintiff B drinks and drugs, including cocaine and marijuana, before taking her to a cabin where one of Defendants' passengers solicited her to perform unwanted sexual activity. Plaintiff B

demanded to leave. Defendants' employee, Adilson, paid Plaintiff B a small amount of money.

45.

The following year, while under the age of eighteen, Plaintiff B was again approached by Defendants' employees. They induced her to return to the AMAZON SANTANA by offering her money and assuring her that this trip would be different.

46.

Defendants' employees again transported Plaintiff B to the AMAZON SANTANA, where Defendant Schair was on board.

47.

While on board the AMAZON SANTANA, two of Defendants' passengers forced Plaintiff B to take drugs and to have sex.

48.

Defendants received payment and other financial benefits from Defendants' passengers as a result of the sex acts performed by Plaintiff B.

49.

Plaintiff B has suffered damage as a result of these illegal acts.

## C.    Plaintiff C

### 50.

In 2005 or 2006 near Clube do Forro, Plaintiff C was approached by one of Defendants' employees and offered money to come aboard the boat for a ride. She was approximately twelve years old.

### 51.

On board the AMAZON SANTANA, one of Defendants' employees took Plaintiff C and a few other girls to a cabin where Defendant Schair was sleeping.

### 52.

Defendant Schair woke up and began touching Plaintiff C. When Plaintiff C refused his advances, Defendant Schair forced her to have sex with him.

### 53.

The following day, Plaintiff C was offered more money to remain on board the AMAZON SANTANA. While on board the AMAZON SANTANA, Defendant Schair again forced Plaintiff C to have sex with him. One of Defendants' employees threatened her to keep her quiet. When she was finally allowed to leave the boat, she was paid a small amount of money.

### 54.

Plaintiff C has suffered damage as a result of these illegal acts.

16

### D.   Plaintiff D

55.

At the age of seventeen, Plaintiff D was approached by one of Defendants' employees at Clube do Forro and asked to go on a boat ride aboard the AMAZON SANTANA.

56.

Once aboard the AMAZON SANTANA, Plaintiff D was forced to have sex with one of Defendants' passengers.

57.

Plaintiff D was paid a small amount of money for the forced sex acts. Further, Defendants received payment and other financial benefits from Defendants' passengers as a result of the sex acts performed by Plaintiff D.

58.

Plaintiff D has suffered damage as a result of these illegal acts.

## CAUSE OF ACTION

### Sex Trafficking Of Children By Fraud And Coercion

(18 U.S.C. §§ 1591, 1595)

59.

Plaintiffs allege and re-allege the paragraphs above as if fully set forth herein.

60.

Plaintiffs are authorized to bring this civil claim against Defendants pursuant to the civil remedies provision of the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595.

61.

Defendants, by and through their agents, knowingly and/or in reckless disregard of fact that Plaintiffs were under the age of eighteen, obtained and provided for the recruiting, obtainment, harboring, and transportation of Plaintiffs for the purposes of engaging in commercial sexual acts aboard the AMAZON SANTANA, which was owned and operated by Defendants Schair and Wet-A-Lines Tours.

62.

Defendants, by and through their agents, used means of fraud and coercion to do so.

63.

Defendants, by and through their agents, recruited Plaintiffs on false pretenses and subjected Plaintiffs to non-consensual sexual acts including forced sexual acts and rape.

64.

At the time of Defendants' actions, Plaintiffs were all under the age of eighteen.

65.

Defendants received money and/or other things of value from the passengers aboard the AMAZON SANTANA for, among other things, the sexual acts of Plaintiffs.

66.

Defendants knowing, willful, and intentional recruitment, harbor, transport, and obtaining of Plaintiffs to perform commercial sexual acts aboard the AMAZON SANTANA violates 18 U.S.C. § 1591 and 18 U.S.C. § 1595.

67.

Plaintiffs suffered injuries and damages as a proximate result of these actions.

68.

Plaintiffs are entitled to an award of compensatory and punitive damages to be determined at trial, reasonable attorneys' fees, and costs for the wrongful conduct of Defendants.

## DEMAND FOR JURY TRIAL

69.

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

A.      Conduct a trial by jury with respect to all issues so triable;

B.      Enter judgment against Defendants in such amount as will fully and adequately compensate Plaintiffs for the damages they have suffered, in an amount to be proven at trial;

C.      Award Plaintiffs their actual expenses of litigation, including attorneys' fees;

D.      Award Plaintiffs punitive damages in an amount to be determined by the jury; and

E.      Award Plaintiffs such other and further relief as the Court deems necessary and proper.

Respectfully submitted, this 14th day of June, 2011.

John W. Harbin
Georgia Bar No. 324130

William E. Hoffmann, Jr.
Georgia Bar No. 359825

KING & SPALDING
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600

Attorneys for Plaintiff A,
Plaintiff B, Plaintiff C, and
Plaintiff D