**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| PLAINTIFF A, PLAINTIFF B,<br>PLAINTIFF C, and PLAINTIFF D, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 2:11-CV-00145-<br>:WCO |
| | : |
| RICHARD WAYNE SCHAIR and<br>WET-A-LINE TOURS, LLC, | : |
| | : |
| Defendants. | : |

**PLAINTIFFS' MOTION TO LIFT STAY AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs A, B, C, and D, by and through their undersigned attorneys, hereby move to lift the stay of this action ordered by the Court, pursuant to the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. § 1595 ("TVPA").

**FACTUAL BACKGROUND**

On June 14, 2011, Plaintiffs initiated this action seeking damages for violations of the TVPA. (Docket No. ("Dkt.") 1) On July 7, 2011, Defendant Schair moved for a "mandatory stay" of this action pursuant to 15 U.S.C. § 1595(b)(1), on the grounds that both the Brazilian authorities and the United States Attorney's Office for the Southern District of Florida were conducting criminal investigations

of Defendant Schair, and that the terms of 15 U.S.C. § 1595(b)(1) mandated a stay on such a motion.  (Dkt. 6)  As support for his claims of ongoing investigations, Defendant Schair presented Brazilian court documents dated January 31, 2011, a target letter addressed to Mrs. Amelia Schair from the United States Attorney dated December 16, 2010, and a Federal Grand Jury Subpoena for the United States District Court for the Southern District of Florida issued to Defendant Wet-A-Line Tours LLC dated June 25, 2009, for appearance on July 16, 2009, and seeking travel records for Defendant Schair, Mrs. Amelia Schair, and customers of Defendant Wet-A-Line Tours LLC.  (Dkt. 6)  Plaintiffs did not dispute that the investigation arose from the same set of circumstances as those giving rise to their claims, and acknowledged that there was no evidence the U.S. investigation had been concluded.[1]

The Court granted Defendant Schair's motion, but expressed concern about the indefinite length of a stay based on a pending criminal investigation.  The Court stated, "[i]f and when facts arise demonstrating either that this criminal investigation has concluded without a prosecution, or that any subsequently-filed prosecution has proceeded through final adjudication in trial court, plaintiffs may petition to lift this

---

[1] As discussed below, in their response, Plaintiffs questioned the relevance of the alleged criminal proceeding in Brazil.

stay." (Dkt. 11, at 5)  The Court also instructed the parties to submit joint status updates every ninety (90) days.  The parties have done so.

## DISCUSSION

In issuing its decision, the Court stated that "[a]t some point during this litigation, particularly if the investigation in this case does not proceed to a prosecution, the court will need to decide when and if a criminal investigation is no longer pending". (Dkt. 11, at 4)  Plaintiffs respectfully submit that the point the Court referenced in its Order has arrived.  It has been approximately one year since Plaintiffs have filed this suit, and no indictment of either Defendant has come to pass.

At this point, it does not appear that the federal government intends to seek an indictment against either Defendant, as nearly *three years* have passed since the government issued its Subpoena to Defendant Wet-A-Line Tours, LLC.  It appears that the United States Attorney's interest in this matter has waned.  Plaintiffs should not be made to endure further delay when the Defendants can only "theorize that an investigation might possibly be ongoing". *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2011 WL 5188424, at 2 (W.D. Ark., 2011); a copy of this decision is attached as Exhibit A.

The defendants in *Kolbek* sought a mandatory stay under TVPA following an extensive investigation by the U.S. Attorney's Office for the Western District of Arkansas into several of the defendants. *Kolbek*, at *2. The defendants cited the presence on their property of an investigator for the U.S. Attorney's office three weeks before the hearing and a two-year-old post-trial quote from an Assistant U.S. Attorney to argue that they were still the subject of a criminal investigation. *Id.* The court denied their motion, stating that "it seems to the [c]ourt illogical, and contrary to the purpose of the [TVPA], that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing." *Id.*

The *Kolbek* court noted that the legislative history of the TVPA indicates that it was the Department of Justice that pushed for the inclusion of the mandatory stay in § 1595, based on a concern that civil suits might "hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery". *See Kolbek*, at *2 (*citing* H.R. REP 108-264(II) at 14). The court found that Congress enacted these amendments to "strengthen the *U.S. Government's ability* to combat the worldwide scourge of trafficking in persons by enhancing provisions on prevention of trafficking, *protection of victims of trafficking*, and prosecution of traffickers," that the stay was not included to protect the defendants in civil actions. *Id.* (emphasis

added).   Ultimately, the court held, stays under the TVPA should be imposed in cases where the government has intervened, informed the Court of an ongoing investigation, and advised that the civil case is subject to a mandatory stay.  *Id.*, *citing Ara v. Khan*, 2007 U.S. Dist. LEXIS 43170 (E.D. NY, 2007).   These circumstances do not exist here.

In *Ara v. Khan*, a copy of which is attached as Exhibit B, the plaintiff alleged that her former employees converted her job as a nanny into a form of slavery.  The United States Attorney for the Eastern District of New York moved on June 14, 2007, both to intervene and to stay the civil case.  (The defendants in *Ara* did not invoke the mandatory stay provision.)  The court granted the government's motion that day, but ordered the government to report to the court within one week of any decision to end the criminal investigation or dismiss criminal charges, if subsequently brought.  *Id.* at pp. 1, 2, n. 1.[2] On October 23, 2007, the government requested the stay be lifted.   The civil case then proceeded to discovery and resolution.   *See* Exhibit C, PACER Docket Report, U.S. District Court Eastern District of New York (Brooklyn), 1:07-cv-01251-ARR-JO, pg. 5 of 11.

---

[2] If the Court declines to lift the stay at this time, Plaintiffs request that the Court issue an Order directing the Department of Justice to inform the Court and the parties of the status of any prior or pending investigation.

If the government is still investigating the Defendants, the government would be within its rights to intervene and request a mandatory stay under § 1595. *See Ara, Kolbek* at \*2, \*3. As the *Kolbek* court found, however, the stay provision was not enacted to protect the rights of the defendants in such civil cases. Rather, it was included to augment the power of the prosecution and to further protect the victims of human trafficking. *Id.* It does not provide grounds for an indefinite stay where, as here, there is only speculation that the United States Attorney is still conducting an investigation into the matter. *Id.*

In their Motion, Defendants also raised the issue of a criminal investigation pending in Brazil. In their response, Plaintiffs questioned whether an investigation in another country, in this case Brazil, is relevant under the statute. Plaintiffs concluded that, at the time, the point was moot, given the evidence, however slight, of an ongoing investigation of Defendants' activities by the United States Government. (Dkt. 9) Given the legislative history of the TVPA, including the focus on *U.S. Government's* ability to address trafficking, as quoted above, and the lack of mention of any concern about foreign prosecutions or a foreign government's ability to address trafficking, as well as the relevant case law cited above, the Plaintiffs submit that the stay provision does not encompass foreign criminal proceedings.

6

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully requests that this Court grant its motion to lift the current stay, and restore this civil action to active status.

Respectfully submitted, this 10th day of July, 2012.

KING & SPALDING LLP

/s/ John W. Harbin
John W. Harbin (Ga. Bar No. 324130)
Asha Palmer (Ga. Bar No. 568289)
Kendall W. Carter (Ga Bar No. 111517)
1180 Peachtree Street
Atlanta, Georgia 30309
(404) 572-4600
(404) 572-5100 (fax)
jharbin@kslaw.com

Attorneys for Plaintiffs

# EXHIBIT A

## *(Kolbek)*

Westlaw.

Slip Copy, 2011 WL 5188424 (W.D.Ark.)
**(Cite as: 2011 WL 5188424 (W.D.Ark.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
W.D. Arkansas,
Texarkana Division.
Desiree KOLBEK et al, Plaintiffs
v.
TWENTY FIRST CENTURY HOLINESS TABER-
NACLE CHURCH, INC. et al, Defendants.

No. 4:10–CV–04124.
Oct. 31, 2011.

D. Neil Smith, Edward Bradbury Cloutman, IV, NIX
Patterson & Roach LLP, Irving, TX, Louis Bradon
Paddock, NIX, Patterson & Roach, William David
Carter, Mercy, Carter, Tidwell, L.L.P., Texarkana,
TX, for Plaintiffs.

John Wesley Hall, John Wesley Hall Jr PC, Catherine
Melissa Corless, Stuart P. Miller, Megan Cecily
Gammill, Mitchell Williams Selig GatesWoodyard
PLLC, Doralee Idleman Chandler, James Mel Sayes,
Matthews, Sandesr & Sayes, Little Rock, AR, Jona-
than William Beck, R. Gary Nutter, Dunn Nutter
Morgan LLP, J. Dennis Chambers, Atchley, Russell,
Waldrop & Hlavinka, J. David Crisp, John D. Crisp,
Jr., Crisp & Freeze, Texarkana, TX, Brian D. Wood,
Benson & Wood, PLC, Fayetteville, AR, for Defen-
dants.

### *MEMORANDUM OPINION AND ORDER*
P.K. HOLMES, III, District Judge.

**\*1** Currently before the Court are nineteen (19)
separate motions filed by the parties in this case. All
of which have been filed within a period of approxi-
mately nine weeks. Also before the Court are the
various accompanying documents in support, re-
sponses, replies, sur-replies, adoptions, etc. filed in
relation to the currently pending motions. While the
Court has strived diligently to **stay** on top of the fil-
ings in this case, the Court notes that this is not the
only case it has on its docket, and the proliferation of
filings in this case, which the Court deems are often
unnecessary or duplicative, only complicates and
delays the matter further. The Court recognizes that
this is an unusually complex matter, involving many
litigants. However, the Court continues to encourage
all parties and counsel to work together to resolve
matters without court intervention whenever possible.
Communication between the parties, or lack thereof,
seems to be a recurring issue raised in the various
filings, and miscommunication and misunderstand-
ings often result in a flurry of yet more docket en-
tries.

Most recently, the parties have engaged in a bout
of frantic filing related to the issue of the application
of a **stay** in this case. The Alamo Defendants [FN1] first
filed a Motion to **Stay** on October 18, 2011 (Doc.
196). This was then followed by four parallel, sepa-
rate motions or "suggestions" by Jeanne Estates
Apartments, Inc. ("JEA") (Doc. 197), Advantage
Food Group ("AFG") (Doc. 199), Robert Gilmore
(Doc. 201), and Steve Johnson (Doc. 208). The
Alamo Defendants also filed a purported Memoran-
dum in Support and Supplement to their Motion to
**Stay** (Doc. 209), which was incorporated in a Re-
sponse to Motion to Compel. The various defendants
also filed parallel, but separate, objections to Plain-
tiffs' Supplemental Motion for Leave to Depose
Bernie Hoffman, perhaps out of an overabundance of
caution, stating their respective positions that any
ruling on such Motion should be made subject to the
**stay** issue already raised. In an effort to reduce con-
fusion, consternation, and the continuance of duplica-
tive and overzealous filings regarding this issue, the
Court sets forth herein its findings as to the **stay** issue
raised by the various defendants in this case.

> FN1. Twenty First Century Holiness Taber-
> nacle Church, Inc., Gloryland Christian
> Church, Armful of Help, Tony and Susan
> Alamo Foundation, Music Square Church,
> SJ Distributing, Inc., Action Distributors,
> Inc., Sharon Alamo, Sally Demoulin, and
> Bernie Lazar Hoffman a/k/a Tony Alamo

### I. Analysis
In the interest of resolving this issue as expedi-
tiously as possible, the Court declines to recite the
lengthy and complex factual background of this case,
but assures the parties that the Court is familiar with
that factual background and is sufficiently advised so

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 5188424 (W.D.Ark.)
(Cite as: 2011 WL 5188424 (W.D.Ark.))

as to render this opinion. Plaintiffs in this case assert causes of action pursuant to 18 U.S.C. § 2255 and 18 U.S.C. § 1595. (Doc. 98, ¶ 23). Under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), codified at 18 U.S.C. § 1595, "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." The statute further clarifies that "a 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2). Defendants argue that this case is subject to a mandatory, automatic stay under the statute, as they claim that the criminal investigation in this case is not over.

*2 Defendants' argument that this case is subject to a stay is premised on their belief that the U.S. Attorney's Office is continuing to investigate the case. This belief is based on a quote by an Assistant U.S. Attorney in a newspaper article in July of 2009, stating that "This investigation is not over." Defendants also claim that a USAO financial investigator visited some Alamo properties on October 10, 2011. A representative of the USAO stated that the investigator was there for restitutionary purposes, but defendants theorize that the investigator may, in fact, have been there to collect information which could be used to prosecute others for what happened on those properties. Finally, defendants cite the fact that the government denied production of certain files in response to a subpoena issued by Separate Defendant Gilmore and in response to a Freedom of Information Act request. Defendants argue that, in denying production, the government did not deny that there was an ongoing investigation.

The case law on application of a stay under the TVPRA is scant. However, in the case law that the Court has found, stays have been imposed in cases where the government has intervened in a case, informed the Court of an ongoing investigation, and advised that the civil case was subject to a mandatory stay under the TVPRA. See, e.g., Ara v. Khan, 2007 U.S. Dist. LEXIS 43170 (E.D. N.Y.2007) (imposing a stay after allowing the United States to Intervene). It seems to the Court illogical, and contrary to the purpose of the statute, that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing. The evidence of an ongoing investigation

offered by the defendants in this case is weak. If such evidence were able to subject a civil case to an automatic stay, victims bringing actions under the TVPRA could often be denied justice, having their trial delayed indefinitely by a civil defendant who merely theorizes that an investigation might possibly be ongoing. Such an application of the statute would be nonsensical and contrary to the statute's purpose.

The legislative history of the TVPRA indicates that the Department of Justice ("DOJ") objected to amendment of the Act to include a private right of action. The DOJ suggested that, if a private right of action were to be included, "[t]he subsection should stay all pending civil actions in the wake of a criminal prosecution." H.R. REP. 108–264(II) at * 14. The DOJ argued that, without providing "the suit would be stayed until a prosecution was complete, this provision ... could hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery ... We believe that prosecutions should take priority over civil redress and that prosecutions should be complete prior to going forward with civil suits." Id. Congress has also stated that "[t]he Trafficking Victims Protection Act ["TVPA"] was enacted ... to combat trafficking in persons, ensure the prosecution of traffickers of children, women and men, and to protect the victims of trafficking." Id. at * 11. The TVPA was amended in order to "strengthen[ ] the U.S. Government's ability to combat the worldwide scourge of trafficking in persons by enhancing provisions on prevention or trafficking, protection of victims of trafficking, and prosecution of traffickers." Id. at 10. In other words, the statute was not created to protect civil defendants. Nor was the statute amended, in providing for a private right of action and mandatory stay, in order to protect the rights of civil defendants. Rather, based on the legislative history, and the very name of the Act, the purpose of the Trafficking Victims Protection Act, as amended by the TVPRA, was to protect the victims of trafficking and strengthen the government's ability to prosecute perpetrators. Therefore, the Court concludes that the government may exercise its rights under the statute to impose a mandatory stay if and when appropriate. Defendants, however, may not mandate the imposition of a stay under the statute based on mere speculation that the government may be involved in an ongoing investigation.

*3 If the government is continuing to investigate

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 5188424 (W.D.Ark.)
**(Cite as: 2011 WL 5188424 (W.D.Ark.))**

any criminal action related to this case, the government may intervene and file a notice of stay. However, based on the evidence currently before this Court, the Court finds that this case is not subject to an automatic stay under 18 U.S.C. § 1595, and the Court declines to otherwise impose or recognize a stay of the instant proceedings. As such, Defendants' various Motions for Stay are DENIED.

**III. Conclusion**
   For all the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motions for Stay (Docs.196, 197, 199, 201, 208) are **DENIED.**


   IT IS SO ORDERED.

W.D.Ark.,2011.
Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.
Slip Copy, 2011 WL 5188424 (W.D.Ark.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT B

## *(Ara)*



HASMAT ARA, Plaintiff, - against - SAKINA KHAN, et al., Defendants.

CV 07-1251 (ARR) (JO)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

2007 U.S. Dist. LEXIS 43170

June 14, 2007, Decided
June 14, 2007, Filed

COUNSEL: [*1] For Hasmat Ara, Plaintiff: Haeyoung Yoon, LEAD ATTORNEY, Molly Knopp Biklen, New York, NY; Hissan Ahsan Bajwa, LEAD ATTORNEY, Clifford Chance US LLP, New York, NY.

For Sakina Khan, Kamran Khan, Defendants: Barbara L. Hall, LEAD ATTORNEY, Nicolini, Paradise, Ferretti & Sabella, Mineola, NY.

For AUSA U.S. Attorney's Office, United States, Intervenor: Pamela Ki Mai Chen, United States Attorneys Office, Brooklyn, NY.

JUDGES: James Orenstein, U.S. Magistrate Judge.

OPINION BY: James Orenstein

OPINION

MEMORANDUM AND ORDER

JAMES ORENSTEIN, Magistrate Judge:

As explained below, and with certain important caveats, I grant the United States leave to intervene in this case and order this civil action to be stayed until further order.

Plaintiff Hasmat Ara ("Ara") has complained that her former employers, defendants Sakina and Kamran Khan (collectively, the "Khans"), unlawfully converted her service as a nanny living in the Khans' home into a form of slavery. See generally Docket Entry ("DE") 1. In seeking damages against the Khans, Ara invokes a number of legal authorities including one I specifically address in this Memorandum and Order: Section 1595 of Title 18 of the United States Code [*2] ("Section

1595"). Enacted in 2003, the statute created a new civil remedy for victims of the various offenses defined under the chapter of the criminal code proscribing peonage and slavery but also provides that any such civil action shall be stayed during the pendency of any related criminal investigation or prosecution. 18 U.S.C. § 1595(b). At the initial conference before me on May 31, 2007, the parties reported that they had no knowledge of any such investigation. I directed the parties to advise me promptly of any developments that might trigger the mandatory stay. DE 16.

Today, counsel for the United States filed a letter-motion reporting that "[o]n or about June 7, 2007, the government initiated a criminal investigation into the circumstances and conditions under which the plaintiff was employed by the defendants as possible violations of, inter alia, 18 U.S.C. §§ 1589 and 1590." DE 18 at 1. Based on that circumstance, the government seeks leave to intervene in this civil action and further asks that I stay all proceedings in the case pending the conclusion of its criminal investigation as well as the [*3] conclusion of any prosecution to which that investigation may lead.

The relevant statute makes a stay mandatory. 18 U.S.C. § 1595(b)(1) (a civil action "shall be stayed during the pendency of any [related] criminal action"); id. § 1595(b)(2) (defining "criminal action" to include "investigation" and providing that such an action is "pending until final adjudication in the trial court"). [1] Accordingly, I now stay all proceedings in this case.

1 Not all criminal investigations result in prosecutions, and not all prosecutions result in adjudications. I assume that the stay I now order should be lifted if and when the government decides to end its investigation without seeking criminal

charges or if any such charges are dismissed without an adjudication on the merits. In any event, I direct the government to advise me within one week of the occurrence of either such event so that the parties may present argument as to whether, in such circumstances, the stay should be lifted or deemed permanent because there will never be a "final adjudication in the trial court."

[*4]  For purposes of administrative convenience, and in particular to ensure that the court is properly kept apprised of relevant developments in the investigation and any subsequent prosecution, I grant the government's motion to intervene. In light of the stay and the very specific relief the government seeks beyond the right to intervene, I assume that having secured the stay the government will seek no further relief as an intervenor and that its motion to intervene is now essentially moot. If that is incorrect, I will of course allow the parties to object to the government's intervention if and when the government seeks any further relief.

Regardless of whether the motion to intervene is moot, I recognize that I am ruling on it before the parties have had an opportunity to be heard on the matter. Ordinarily I would not act with such haste. [1] However, I am aware that the parties to this action have previously agreed to conduct an inspection of the defendants' home tomorrow, on June 15, 2007. To the extent that the defendants agreed to such an inspection only because they understood it would almost certainly be required pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure [*5] -- at some time during the discovery phase, even if not tomorrow -- fairness requires that I make the instant order now so that the defendants have time to

decide whether they still wish to permit the inspection. The parties are of course free to conduct the inspection, and to exchange information in other ways that would normally be required under the relevant discovery rules, on a purely voluntary basis and according to any mutually agreeable schedule. By granting the government's application I cannot and do not forbid such cooperation; instead I merely remove any spectre of judicial compulsion for as long as the stay remains in effect.

> 2  I have no such concern about the timing of my ruling on the motion for a stay. The relief the government seeks is mandatory if a criminal investigation is pending, and the government is uniquely competent to provide a conclusive report of that fact. Accordingly, there is nothing that any party to the civil action could say in response to the motion for a stay that would likely change the outcome I now order.

[*6]  Accordingly, for the reasons set forth above, I grant the motion for leave to intervene and order all proceedings in this case stayed pending the conclusion of the government's criminal investigation of the defendants and of any resulting criminal prosecution.

**SO ORDERED.**

Dated: Brooklyn, New York

June 14, 2007

/s/ James Orenstein

U.S. Magistrate Judge

# EXHIBIT C

# (*Docket Report from EDNY in Ara*)

Eastern District of New York - Live Database Version 5.1.1                      Page 1 of 11

CLOSED

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-01251-ARR-JO**

Ara v. Khan et al                                    Date Filed: 03/23/2007
Assigned to: Judge Allyne R. Ross                    Date Terminated: 09/25/2008
Referred to: Magistrate Judge James Orenstein        Jury Demand: Defendant
Cause: 29:201 Fair Labor Standards Act               Nature of Suit: 710 Labor: Fair
                                                     Standards
                                                     Jurisdiction: Federal Question

**Plaintiff**

**Hasmat Ara**                     represented by   **Haeyoung Yoon**
                                                    The Urban Justice Center
                                                    123 William Street
                                                    16th Floor
                                                    New York, NY 10038
                                                    646-459-3003
                                                    Fax: 212-533-4598
                                                    Email: hyoon@urbanjustice.org
                                                    *TERMINATED: 08/20/2007*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **James Milton Hosking**
                                                    Clifford Chance US LLP
                                                    31 West 52nd Street
                                                    New York, NY 10019
                                                    (212)878-8000
                                                    Fax: (212)878-8375
                                                    Email:
                                                    james.hosking@cliffordchance.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Siham Nurhussein**
                                                    Clifford Chance LLP
                                                    31 West 52nd Street
                                                    New York, NY 10019
                                                    212-878-3292
                                                    Fax: 212-878-8375
                                                    Email:
                                                    siham.nurhussein@cliffordchance.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Christian A. Cavallo**

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
(212)878-3380
Fax: (212)878-8375
Email:
christian.cavallo@cliffordchance.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hissan Ahsan Bajwa**
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
212-878-3315
Fax: 212-878-8375
*TERMINATED: 03/26/2008*

**Molly Knopp Biklen**
Urban Justice Center
666 Broadway
10th Floor
New York, NY 10012
646-459-3008
Fax: 212-533-4598
Email: mbiklen@urbanjustice.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sakina Khan**                    represented by    **Barbara L. Hall**
Nicolini, Paradise, Ferretti & Sabella
114 Old Country Road #500
Mineola, NY 11501
516-741-6355
Fax: 516-741-1659
Email: bhall@npfslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Zalewski**
Steven Zalewski & Associates, P.C.
125-10 Queens Boulevard
Suite218
Kew Gardens, NY 11415
(718)263-6800
Fax: (718)520-9401
Email: mzlaw2002@yahoo.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kamran Khan**                    represented by   **Barbara L. Hall**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Steven Zalewski**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Intervenor**

**U.S. Attorney's Office**         represented by   **Pamela Ki Mai Chen**
*Eastern District of New York*                     United States Attorneys Office
*TERMINATED: 11/02/2007*                           Eastern District of New York
                                                   271 Cadman Plaza East
                                                   Brooklyn, NY 11201-1820
                                                   718-254-7575
                                                   Fax: 718-254-6321
                                                   *TERMINATED: 12/17/2007*
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/23/2007 | 1 | COMPLAINT against Sakina Khan, Kamran Khan $ 350, filed by Hasmat Ara. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 03/26/2007) |
| 03/23/2007 |   | Summons Issued as to Sakina Khan, Kamran Khan. (Bowens, Priscilla) (Entered: 03/26/2007) |
| 03/26/2007 | 2 | NOTICE of Appearance by Hissan Ahsan Bajwa on behalf of Hasmat Ara (aty to be noticed) (Bajwa, Hissan) (Entered: 03/26/2007) |
| 03/27/2007 | 3 | NOTICE of Appearance by Molly Knopp Biklen on behalf of Hasmat Ara (aty to be noticed) (Knopp Biklen, Molly) (Entered: 03/27/2007) |
| 04/10/2007 | 4 | NOTICE of Change of Address by Haeyoung Yoon (Yoon, Haeyoung) (Entered: 04/10/2007) |
| 04/10/2007 | 5 | NOTICE of Change of Address by Molly Knopp Biklen (Knopp Biklen, Molly) (Entered: 04/10/2007) |
| 04/10/2007 | 6 | SUMMONS Returned Executed by Hasmat Ara. Sakina Khan served on 3/26/2007, answer due 4/16/2007. (Bajwa, Hissan) (Entered: 04/10/2007) |
| 04/10/2007 | 7 | SUMMONS Returned Executed by Hasmat Ara. Kamran Khan served on 3/26/2007, answer due 4/16/2007. (Bajwa, Hissan) (Entered: 04/10/2007) |
| 04/13/2007 | 8 | ANSWER to Complaint by all defendants. (Hall, Barbara) (Entered: 04/13/2007) |
| 04/13/2007 | 9 | DEPOSITION by Sakina Khan. (Hall, Barbara) (Entered: 04/13/2007) |

Eastern District of New York - Live Database Version 5.1.1                    Page 4 of 11

| 04/13/2007 | 10 | *Affidavit of service for* ANSWER to Complaint *Demand and Notice To Take Deposition Upon Oral Examination* by all defendants. (Hall, Barbara) (Entered: 04/13/2007) |
|---|---|---|
| 04/13/2007 | 11 | REQUEST for Production of Documents by Sakina Khan. (Hall, Barbara) (Entered: 04/13/2007) |
| 04/16/2007 | | ORDER re 11 Request for Production of Documents filed by Sakina Khan -- Counsel is reminded that pursuant to Federal Rule of Civil Procedure 5(d), discovery requests and materials produced in pretrial disclosure and discovery shall not be filed with the clerk's office except by order of the court. Fed. R. Civ. P. 5(d) ("[D]iscovery requests and responses must not be filed until they are used in the proceeding or the court orders filing...."). Counsel is further reminded to correctly describe those materials that are properly filed. Additionally, all parties are reminded that per Federal Rule of Civil Procedure 26, there are no enforceable discovery obligations prior to the first discovery planning conference. Ordered by Judge James Orenstein on 04/16/07. (Kelbley, Shane) (Entered: 04/16/2007) |
| 04/16/2007 | 12 | SCHEDULING ORDER:An Initial Conference is scheduled for May 17, 2007 at 10:30 AM before Magistrate Judge James Orenstein. SEE ATTACHED DOCUMENT. Ordered by Judge James Orenstein on 4/16/07. (Guy, Alicia) (Entered: 04/16/2007) |
| 05/14/2007 | 13 | Letter by Hasmat Ara (Attachments: # 1 Text of Proposed Order Proposed Case Management and Scheduling Order) (Yoon, Haeyoung) (Entered: 05/14/2007) |
| 05/15/2007 | | ORDER -- The initial conference scheduled for May 17, 2007, is rescheduled for May 31, 2007, at 11:00 a.m. Ordered by Judge James Orenstein on 05/15/07. (Kelbley, Shane) (Entered: 05/15/2007) |
| 05/16/2007 | 14 | DISCLOSURE of Interested Parties by Kamran Khan. (Hall, Barbara) (Entered: 05/16/2007) |
| 05/17/2007 | | ORDER re 14 Disclosure of Interested Parties filed by Kamran Khan -- Counsel is reminded that pursuant to Federal Rule of Civil Procedure 5(d), discovery requests and materials produced in pretrial disclosure and discovery shall not be filed with the clerk's office except by order of the court. Fed. R. Civ. P. 5(d) ("[D]iscovery requests and responses must not be filed until they are used in the proceeding or the court orders filing...."). Counsel is further reminded to correctly describe those materials that are properly filed. Ordered by Judge James Orenstein on 05/17/07. (Kelbley, Shane) (Entered: 05/17/2007) |
| 05/30/2007 | 15 | DISCLOSURE of Interested Parties by Kamran Khan. (Attachments: # 1 Affidavit Affidavit of Mailing) (Hall, Barbara) (Entered: 05/30/2007) |
| 05/31/2007 | 16 | Minute Entry for proceedings held before James Orenstein : Initial Conference Hearing held on 5/31/2007. SCHEDULING: (1) The next status conference will be held on October 4, 2007, at 9:30 a.m. (2) The final pretrial conference will be held on February 14, 2008, at 10:30 a.m. THE FOLLOWING RULINGS WERE MADE: (1) In light of the defendants' filing of May 30, |

| | | |
|---|---|---|
| | | 2007, docket entry ("DE") 15, which violated in two ways my order of May 17, 2007, I again reminded counsel to describe filings correctly on the docket and to obey Fed. R. Civ. P. 5(d). I will consider the imposition of sanctions for future violations of that order. (2) With the consent of all parties, the deposition notice docketed on April 14, 2007, DE 9 (the docketing of which also violated Fed. R. Civ. P. 5(d)) is withdrawn. The parties will confer with respect to the scheduling of party depositions. (3) In light of the colloquy at today's conference, including the assertion by Mr. Nicolini of his understanding that the plaintiff was employed by the defendants, the defendants will review their answer and consider filing an amended answer that more closely tracks their understanding of the facts of the case. (4) I will enter a separate case management and scheduling order that reflects the deadlines proposed by the plaintiff in the parties' joint planning conference report. (5) Pursuant to 18 U.S.C. sec. 1595(b), I direct any party to advise me promptly if the party learns that the Department of Justice has commenced a criminal investigation or prosecution arising out of the same occurrences in which the plaintiff claims to have been victimized. (Orenstein, James) (Entered: 05/31/2007) |
| 05/31/2007 | 17 | **SCHEDULING ORDER:** Deadline for all Rule 26(a) disclosures: May 31, 2007. First request for production of documents and first request for interrogatories due by: July 5, 2007. Deadline for joinder of additional parties and amendment of pleadings: August 30, 2007. Status Conference: October 4, 2007, at 9:30 a.m. All fact discovery to be completed by: October 31, 2007. Plaintiff's expert reports due by: December 3, 2007. Defendants' rebuttal expert reports due, and all discovery completed by: January 10, 2008. Dispositive motion process started by: January 24, 2008. Joint pretrial order due by: February 7, 2008. Pretrial Conference: February 14, 2008, at 10:30 a.m. **SEE ATTACHED ORDER.** Ordered by Judge James Orenstein on May 31, 2007. (Orenstein, James) (Entered: 05/31/2007) |
| 06/14/2007 | 18 | MOTION to Intervene *and to Stay Proceedings* by U.S. Attorney's Office. (Chen, Pamela) (Entered: 06/14/2007) |
| 06/14/2007 | 19 | MEMORANDUM AND ORDER granting 18 Motion to Intervene -- For the reasons set forth in the attached memorandum and order, I grant the government's motion for leave to intervene and order all proceedings in this case stayed pending the conclusion of the government's criminal investigation of the defendants and of any resulting criminal prosecution. SEE ATTACHED DOCUMENT. Ordered by Judge James Orenstein on 06/14/07. (Kelbley, Shane) (Entered: 06/14/2007) |
| 06/15/2007 | 20 | Letter by Hasmat Ara (Yoon, Haeyoung) (Entered: 06/15/2007) |
| 08/17/2007 | 21 | MOTION to Withdraw as Attorney by Hasmat Ara. (Yoon, Haeyoung) (Entered: 08/17/2007) |
| 08/20/2007 | | ORDER granting 21 Motion to Withdraw as Attorney -- The application is granted. Ordered by Judge James Orenstein on August 20, 2007. (Movahed, Michelle) (Entered: 08/20/2007) |
| 10/23/2007 | 22 | Letter *Requesting Lifting of Stay* by U.S. Attorney's Office (Chen, Pamela) |

| | | |
|---|---|---|
| | | (Entered: 10/23/2007) |
| 10/24/2007 | | ORDER re 22 Letter filed by U.S. Attorney's Office -- A conference is scheduled for November 2, 2007, at 9:30 a.m. The government need not attend the conference. Ordered by Judge James Orenstein on October 24, 2007. (Roehm, Scott) (Entered: 10/24/2007) |
| 11/02/2007 | 23 | Minute Entry for proceedings held before James Orenstein : Scheduling Conference held on 11/2/2007. SCHEDULING: (1) The next status conference will be held on March 14, 2008, at 10:30 a.m. (2) The final pretrial conference will be held on July 8, 2008, at 10:30 a.m. THE FOLLOWING RULINGS WERE MADE: (1) Mr. Bowman will today enter a notice of appearance and register to receive electronic notification of all filings in this case via the court's ECF docketing system. (2) The defendants will file an amended answer no later than November 17, 2007. (3) I denied the defendants' motion to continue the stay originally ordered pursuant to 18 U.S.C. Sec. 1595(b)(1) notwithstanding the fact that the government has reported that its investigation has concluded and that no prosecution is being initiated at this time. (4) I will enter a separate amended case management and scheduling order that reflects the deadlines set forth in the parties' joint discovery plan as submitted at today's conference. (Orenstein, James) (Entered: 11/02/2007) |
| 11/02/2007 | 24 | **AMENDED SCHEDULING ORDER:** First request for production of documents and first request for interrogatories due by: November 30, 2007. Deadline for joinder of additional parties and amendment of pleadings: December 31, 2007. Status Conference: March 14, 2008, at 10:30 a.m. All fact discovery to be completed by: March 31, 2008. Plaintiff's expert discovery to be produced by: May 1, 2008. Plaintiff's expert discovery to be produced by: June 2, 2008. Close of discovery: June 2, 2008. Dispositive motion process started by: June 16, 2008. Joint Pretrial order due by: July 1, 2008. Pretrial Conference: July 8, 2008, at 10:30 a.m. **SEE ATTACHED ORDER.** Ordered by Judge James Orenstein on November 2, 2007. (Orenstein, James) (Entered: 11/02/2007) |
| 11/07/2007 | 25 | NOTICE of Appearance by Steven Zalewski on behalf of Sakina Khan, Kamran Khan (aty to be noticed) (Zalewski, Steven) (Entered: 11/07/2007) |
| 11/16/2007 | 26 | AMENDED ANSWER to *Complaint with Verification and Affidavit of Mailing* by Sakina Khan, Kamran Khan. (Hall, Barbara) (Entered: 11/16/2007) |
| 01/25/2008 | 27 | NOTICE of Appearance by Siham Nurhussein on behalf of Hasmat Ara (aty to be noticed) (Nurhussein, Siham) (Entered: 01/25/2008) |
| 01/25/2008 | 28 | NOTICE by Hasmat Ara (Nurhussein, Siham) (Entered: 01/25/2008) |
| 02/21/2008 | 29 | Letter MOTION for Discovery, First MOTION to Compel *Responses* by Hasmat Ara. (Knopp Biklen, Molly) (Entered: 02/21/2008) |
| 02/22/2008 | | ORDER re 29 Letter MOTION for DiscoveryFirst MOTION to Compel *Responses* filed by Hasmat Ara -- The defendants shall respond in writing no later than February 26, 2008. Ordered by Magistrate Judge James Orenstein on February 22, 2008. (Roehm, Scott) (Entered: 02/22/2008) |
| | | |

| | | |
|---|---|---|
| 02/26/2008 | 30 | RESPONSE to Motion re 29 Letter MOTION for DiscoveryFirst MOTION to Compel *Responses Letter Response* filed by Sakina Khan, Kamran Khan. (Zalewski, Steven) (Entered: 02/26/2008) |
| 02/28/2008 | | ORDER re 29 Letter MOTION for DiscoveryFirst MOTION to Compel *Responses* filed by Hasmat Ara -- A conference is scheduled for March 5, 2008, at 11:00 a.m. Ordered by Magistrate Judge James Orenstein on February 28, 2008. (Roehm, Scott) (Entered: 02/28/2008) |
| 02/29/2008 | | ORDER -- The plaintiff shall respond to the defendants' request for information regarding the plaintiff's immigration status and identity as discussed in section IV of the defendants' response, docket entry 30 , no later than March 4, 2008. Ordered by Magistrate Judge James Orenstein on Feburary 29, 2008. (Kochendorfer, Kate) (Entered: 02/29/2008) |
| 02/29/2008 | 39 | FILING FEE: $25.00, receipt number 349945 re 32 Motion for Pro Hac Vice. (Layne, Monique) (Entered: 03/25/2008) |
| 03/03/2008 | 31 | REPLY to Response to Motion re 29 Letter MOTION for DiscoveryFirst MOTION to Compel *Responses* filed by Hasmat Ara. (Nurhussein, Siham) (Entered: 03/03/2008) |
| 03/04/2008 | 32 | MOTION for Leave to Appear Pro Hac Vice *of Christian Cavallo* by Hasmat Ara. (Attachments: # 1 Court Receipt for Payment of Pro Hac Vice Motion) (Cavallo, Christian) (Additional attachment(s) added on 3/25/2008: # 2 Notice of Motion Pro Hac Vice-C. Cavallo, # 3 Affidavit in Support of Mtn. Pro Hac Vice-Cavallo, # 4 Certificate of Service re Mtn. for Pro Hac Vice-Cavallo, # 5 Proposed Order re Admission for Pro Hac Vice) (Layne, Monique). (Entered: 03/04/2008) |
| 03/05/2008 | 33 | Minute Entry for proceedings held before Magistrate Judge James Orenstein:Discovery Hearing held on 3/5/2008. SCHEDULING: The final pretrial conference will be held on August 5, 2008, at 9:30 a.m. THE FOLLOWING RULINGS WERE MADE: (1) Party depositions will proceed on the dates to which counsel have agreed, and in the order noticed, with the defendants going first, followed by the plaintiff. (2) The defendants will promptly, and in no event later than March 19, 2008, provide the financial affidavit requested by the plaintiff, and defendants' counsel will review the documents on which the affidavit is based to ensure that it is correct. (3) The plaintiffs will revise their interrogatory about legal actions against the defendants to seek only relevant information, and the defendants will answer it no later than March 19, 2008. (4) The supplemental interrogatory responses that the defendants' counsel falsely stated had already been served will be signed by the defendants today and provided to the plaintiff no later than March 6, 2008. (5) I denied the defendants' request to compel compliance with interrogatories seeking the plaintiff's immigration status and current home address. (6) I will enter a second amended case management and scheduling order that contemplates the adjournment of all remaining pretrial deadlines by approximately one month. (7) In light of today's proceedings, I cancelled as unnecessary the status conference previously scheduled for March 14, 2008. (Orenstein, James) (Entered: 03/05/2008) |

| 03/05/2008 | 34 | **SECOND AMENDED SCHEDULING ORDER:** All fact discovery to be completed by: April 30, 2008. Plaintiff's expert discovery to be produced by: May 30, 2008. Defendant's expert discovery to be produced by: June 30, 2008. Close of discovery: June 30, 2008. Dispositive motion process started by: July 15, 2008. Joint pretrial order due by: July 29, 2008. Pretrial Conference: August 5, 2008, at 9:30 a.m. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on March 5, 2008. (Orenstein, James) (Entered: 03/05/2008) |
| --- | --- | --- |
| 03/05/2008 | | ORDER granting 29 Motion for Discovery; granting in part and denying in part 29 Motion to Compel. *See* docket entry 33 . Ordered by Magistrate Judge James Orenstein on March 5, 2008. (Orenstein, James) (Entered: 03/05/2008) |
| 03/05/2008 | 35 | ORDER denying without prejudice 32 Motion for Leave to Appear *pro hac vice*. A motion to admit an attorney *pro hac vice*, like any other application for relief in this court, may only be made by an attorney who is himself already admitted, either as a member of the bar of this court or on a *pro hac vice* basis. *See* Loc. Civ. R. 1.5(b)(6); *Erbacci, Cerone, and Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996). As a result, an attorney who needs to gain admission *pro hac vice* must necessarily seek the assistance of a current member of the bar to make the required motion. For that reason, I deny the instant application without prejudice to renewal by a properly admitted attorney. Ordered by Magistrate Judge James Orenstein on March 5, 2008. (Orenstein, James) (Entered: 03/05/2008) |
| 03/07/2008 | 36 | MOTION for Leave to Appear Pro Hac Vice *of Christian Cavallo* by Hasmat Ara. (Attachments: # 1 Court Receipt for Payment of Pro Hac Vice Motion) (Nurhussein, Siham) (Entered: 03/07/2008) |
| 03/10/2008 | | ORDER granting 36 Motion for Leave to Appear Pro Hac Vice -- Attorney Christian A. Cavallo is permitted to argue or try this case as co-counsel with attorney Siham Nurhussein. Once registered for ECF, attorney Cavallo shall file a notice of appearance and ensure that he receives electronic notification of activity in this case. Ordered by Magistrate Judge James Orenstein on March 10, 2008. (Roehm, Scott) (Entered: 03/10/2008) |
| 03/18/2008 | 37 | Letter MOTION for Discovery by Sakina Khan, Kamran Khan. (Zalewski, Steven) (Entered: 03/18/2008) |
| 03/19/2008 | | ORDER denying 37 Motion for Discovery. The defendant's submission is described on the docket as a "Motion for Discovery" but consists of only a single sentence-fragment concerning "Networth Statements." It specifies neither a request for relief nor the reason any such relief should be granted. In addition, the "motion" does not comply with Rule III.A.1 of my individual practice requirements. I therefore deny it without prejudice to renewal in conformity with applicable rules and in a form that sets forth an actual request for relief. In addition to curing the defects cited above, any renewed letter-motion should also include the correct name, title, and address for the judge to whom it is directed. Ordered by Magistrate Judge James Orenstein on March 19, 2008. (Orenstein, James) (Entered: 03/19/2008) |
| 03/19/2008 | 38 | Letter MOTION for Discovery *Extension* by Sakina Khan, Kamran Khan. |

| | | (Zalewski, Steven) (Entered: 03/19/2008) |
|---|---|---|
| 03/20/2008 | | ORDER granting 38 Motion for Discovery Extension -- The application is granted. Ordered by Magistrate Judge James Orenstein on March 20, 2008. (Roehm, Scott) (Entered: 03/20/2008) |
| 04/15/2008 | 40 | Letter *Motion for Discovery Extension* by Sakina Khan, Kamran Khan (Zalewski, Steven) (Entered: 04/15/2008) |
| 04/16/2008 | | ORDER re 40 Letter filed by Sakina Khan, Kamran Khan -- The application is granted; the deadline for completing fact discovery is extended to May 9, 2008. Ordered by Magistrate Judge James Orenstein on April 16, 2008. (Roehm, Scott) (Entered: 04/16/2008) |
| 05/06/2008 | 41 | MOTION for Extension of Time to Complete Discovery by Sakina Khan, Kamran Khan. (Hall, Barbara) (Entered: 05/06/2008) |
| 05/07/2008 | | ORDER re 41 MOTION for Extension of Time to Complete Discovery filed by Sakina Khan, Kamran Khan -- The plaintiff shall respond in writing no later than May 9, 2008. Ordered by Magistrate Judge James Orenstein on May 7, 2008. (Roehm, Scott) (Entered: 05/07/2008) |
| 05/07/2008 | 42 | RESPONSE in Opposition re 41 MOTION for Extension of Time to Complete Discovery filed by Hasmat Ara. (Attachments: # 1 Exhibit Letter to Defendants dated April 11, 2008) (Nurhussein, Siham) (Entered: 05/07/2008) |
| 05/08/2008 | | ORDER granting in part and denying in part 41 Motion for Extension of Time to Complete Discovery -- The defendants may take a properly-noticed deposition of potential fact witness Nasima Bhuiyam no later than May 23, 2008, notwithstanding the close of fact discovery. In all other respects, the motion is denied. Ordered by Magistrate Judge James Orenstein on May 8, 2008. (Roehm, Scott) (Entered: 05/08/2008) |
| 05/21/2008 | 43 | MOTION for Reconsideration by Sakina Khan, Kamran Khan. (Attachments: # 1 Exhibit Complaint, # 2 Exhibit Response to Interrogatories) (Hall, Barbara) (Entered: 05/21/2008) |
| 05/22/2008 | | ORDER denying 43 Motion for Reconsideration -- The motion for reconsideration is denied, as the defendants have not asked me to alter any ruling I have previously made but instead seek to determine whether they have the right to make a motion for relief under Rule 35 that they unquestionably did not include in their earlier motion for an extension of the discovery deadline (docket entry 41). The defendants are of course free to make any motion for relief that they deem appropriate and the plaintiff is free to respond to that motion both on substantive grounds (if she believes the motion lacks merit) and on procedural grounds (if she believes that the time for seeking such relief has lapsed and there is no reason to reopen the period for fact discovery in which a physical examination may be requested). I will consider any such motion if and when it is made. Ordered by Magistrate Judge James Orenstein on May 22, 2008. (Roehm, Scott) (Entered: 05/22/2008) |
| 06/25/2008 | 44 | NOTICE of Appearance by Christian A. Cavallo on behalf of Hasmat Ara (notification declined) (Cavallo, Christian) (Entered: 06/25/2008) |

| 07/02/2008 | 45 | First MOTION for Extension of Time to File Answer *Complaint* by Sakina Khan, Kamran Khan. (Zalewski, Steven) (Entered: 07/02/2008) |
| 07/03/2008 | | ORDER denying as moot 45 Motion for Extension of Time to Answer -- The application is denied as moot on the ground that the defendants have already not only filed an answer (docket entry 8 ) but amended it (docket entry 26 ). I direct the defendants' counsel to ensure that any future filing is docketed only in the case to which it applies. I further direct the defendants' counsel to consult public information available on the court's Internet web site to ensure that any future filing includes the correct title and address of the judicial officer to whom it is addressed. Moreover, as this district has two magistrate judges named Orenstein, any letter addressed to one of them should include the first name of the intended recipient. Ordered by Magistrate Judge James Orenstein on July 3, 2008. (Roehm, Scott) (Entered: 07/03/2008) |
| 07/30/2008 | 46 | Proposed Pretrial Order *filed Jointly on behalf of all parties* by Hasmat Ara (Attachments: # 1 Joint Proposed Pretrial Order Part 1, # 2 Proposed Joint Pretrial Order Part 2) (Cavallo, Christian) (Entered: 07/30/2008) |
| 08/04/2008 | 47 | NOTICE of Appearance by James Hosking on behalf of Hasmat Ara (aty to be noticed) (Hosking, James) (Entered: 08/04/2008) |
| 08/05/2008 | 48 | Minute Entry for proceedings held before Magistrate Judge James Orenstein:Final Pretrial Conference held on 8/5/2008. SCHEDULING: The next telephone conference will be held on September 8, 2008, at 12:30 p.m. THE FOLLOWING RULINGS WERE MADE: The parties agreed in principle to settle the case on the following terms: the defendants will pay $90,000 to the plaintiff over the course of one year, with a reasonable lump sum paid at the outset and the remainder paid in a reasonable installment schedule over the course of the year. The parties will reduce their agreement to writing and thereafter submit a stipulation of dismissal. If the stipulation is filed by September 5, 2008, I will cancel the conference scheduled above; otherwise, I direct the plaintiff's counsel to initiate the telephone conference call. (Orenstein, James) (Entered: 08/05/2008) |
| 09/08/2008 | 49 | Minute Entry for proceedings held before Magistrate Judge James Orenstein:Telephone Conference held on 9/8/2008. SCHEDULING: The next status conference will be held on October 8, 2008, at 12:00 noon. THE FOLLOWING RULINGS WERE MADE: If a stipulation is filed no later than October 6, 2008, I will cancel the conference scheduled above. Otherwise, the parties shall appear to explain the status of the case. (Orenstein, James) (Entered: 09/08/2008) |
| 09/23/2008 | 50 | STIPULATION of Dismissal */Settlement with Let to Magestrate Orenstein* by Sakina Khan, Kamran Khan (Hall, Barbara) (Entered: 09/23/2008) |
| 09/25/2008 | 51 | STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL. Ordered by Judge Allyne R. Ross on 9/24/2008. (Siegfried, Evan) (Entered: 09/25/2008) |

---

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 06/26/2012 22:37:49 | | | |
| PACER Login: | ks2673 | Client Code: | 99994-032577-111517 Ara case history |
| Description: | Docket Report | Search Criteria: | 1:07-cv-01251-ARR-JO |
| Billable Pages: | 8 | Cost: | 0.80 |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFFS'**

**MOTION TO LIFT STAY AND INCORPORATED MEMORANDUM OF**

**LAW IN SUPPORT** with the Clerk of the Court using the CM/ECF system,

which will automatically send notification of such filing to the following attorneys

of record:

L. David Wolfe
L. David Wolfe P.C.
Centennial Tower
101 Marietta Street NW, Ste 3410
Atlanta, GA 30303

Dated:  July 10, 2012                    /s/ John W. Harbin _____
                                         John W. Harbin