**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **PLAINTIFF A, PLAINTIFF B,** | \| |
| **PLAINTIFF C,** | \| |
| **and PLAINTIFF D,** | \| |
| | \| |
| **Plaintiffs** | \| |
| | \| |
| **v.** | \| |
| | \| |
| **RICHARD WAYNE SCHAIR and** | \| |
| **WET-A-LINE TOURS, LLC,** | \| |
| | \| |
| **Defendants.** | \| |

**CIVIL ACTION NO.
2:11-CV-00145-WCO**

<u>**DEFENDANT'S NOTICE OF APPEAL**</u>

COMES NOW, Defendants, Richard Wayne Schair and Wet-A-Line Tours, Inc. (hereinafter 'Defendants') and respectfully files this Notice of Appeal of the District Court's Order Granting Plaintiff's Motion to Lift Stay, pursuant to Rule 3, Fed.R.App.P..

Under 28 U.S.C. § 1291, the Court of Appeals has jurisdiction to review an order of the district court only if that order constitutes a "final decision". However, in <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the Supreme Court recognized an exception to the final judgment rule for a "small class" of prejudgment orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, [and are] too important to be denied review and too independent of the cause itself to require

that appellate consideration be deferred until the whole case is adjudicated."

Indeed, the 'collateral order doctrine' is a "narrow exception", <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 673 (1981), whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal.   <u>Richardson-Merrell, Inc. v. Koller</u>, 472 U.S. 424, 430-431 (1985) <u>quoting</u> <u>Helstoski v. Meanor</u>, 442 U.S. 500, 506-508 (1979); <u>Abney v. United States</u>, 431 U.S. 651, 660-662 (1977).

Specifically, the 'collateral order doctrine' of <u>Cohen</u> provides that an order is final if it "[1] conclusively determines[s] the disputed questions, [2] resolve[s] an important issue completely separate from the merits of the actions, and [3] [will] be effectively unreviewable on appeal from the final judgment."   <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 468 (1978); <u>see also</u> <u>Obaydullah v. Obama</u>, 609 F.3d 44 (U.S. App. D.C. 2010).

Defendants submit that the court's Order Granting the Plaintiffs Motion to Lift Stay is precisely the type of issue contemplated by the 'collateral order doctrine'.  Said Order conclusively decided a complex issue of first impression, not only in the Eleventh Circuit but across the country, and will be effectively unreviewable on appeal from a final judgment on the merits of the case.

This notice comports with the 30-day time restraint presented in Fed.R.App.P. Rule 4(a)(1)(A), as the Order was entered on November 28th, 2012.

This, the 21st day of December, 2012.

                              Respectfully Submitted,

                              s/ L. David Wolfe
                              ----------------------------
                              L. David Wolfe, P.C.
                              Georgia Bar No. 773325
                              Attorney for the Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **PLAINTIFF A, PLAINTIFF B,** | \| |
| **PLAINTIFF C,** | \| |
| **and PLAINTIFF D,** | \| |
| | \| |
| **Plaintiffs** | \| |
| | \| |
| **v.** | \| |
| | \| |
| **RICHARD WAYNE SCHAIR and** | \| |
| **WET-A-LINE TOURS, LLC,** | \| |
| | \| |
| **Defendants** | \| |

**CIVIL ACTION NO.
2:11-CV-00145-WCO**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of **DEFENDANT'S NOTICE OF APPEAL** upon the following individual by electronic filing, which will automatically send email notification of such filing to the following:

**John W. Harbin
Asha Palmer
Kendall W. Carter**
King & Spalding, LLP
1180 Peachtree Street
Atlanta, Georgia 30309
404-572-4600
*jharbin@kslaw.com*

This the 21st day of December, 2012.

Respectfully Submitted,

s/ L. David Wolfe
----------------------
L. David Wolfe, P.C.
Georgia Bar No. 773325
Attorney for Defendant