IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

PLAINTIFF A, ET AL.,            )
                                )
               PLAINTIFFS, )
                                )
        VS.                     )
                                )            DOCKET NUMBER
RICHARD WAYNE SCHAIR, ET AL.,)               2:11-CV-145-WCO
                                )
              DEFENDANTS.  )        GAINESVILLE, GEORGIA
                                )          OCTOBER 16, 2012
                                )
_____)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE WILLIAM C. O'KELLEY,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:          JOHN HARBIN & WILLIAM HOFFMANN, JR.
                            KING & SPALDING, LLP
                            ATLANTA, GEORGIA  30309


FOR THE DEFENDANT:          DAVID WOLFE
                            LAW OFFICES OF DAVID WOLFE, P.C.
                            ATLANTA, GEORGIA  30303



*MECHANICAL STENOGRAPHY OF PROCEEDINGS
AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY*

OFFICIAL COURT REPORTER:           MONTRELL VANN, CCR,RPR,RMR,CRR
                                   1794 UNITED STATES COURTHOUSE
                                   75 SPRING STREET, SOUTHWEST
                                   ATLANTA, GEORGIA  30303
                                   (404)215-1549

1      *(IN GAINESVILLE, HALL COUNTY, GEORGIA, OCTOBER 16, 2012, IN*

2  *OPEN COURT.)*

3          THE COURT:  GOOD AFTERNOON.  BE SEATED.

4          COURTROOM DEPUTY CLERK:  CALLING FOR MOTION HEARING

5  CIVIL ACTION 2:11-CV-145, PLAINTIFF A, ET AL., VERSUS SCHAIR, ET

6  AL.  WILL COUNSEL PLEASE STATE THEIR NAME FOR THE RECORD.

7          MR. HARBIN:  JOHN HARBIN WITH KING & SPALDING, YOUR

8  HONOR, FOR THE PLAINTIFFS.  ALSO WITH ME HERE IS BILL HOFFMAN.

9  AND BEHIND ME ARE KENNETH CARR (PHONETIC) AND ASHA

10  PALMER (PHONETIC), TWO ASSOCIATES ALSO WORKING IN THE CASE.

11          THE COURT:  ALL RIGHT.

12          MR. WOLFE:  GOOD AFTERNOON, YOUR HONOR.  DAVID WOLFE

13  FOR RICK SCHAIR WHO IS THE INDIVIDUAL DEFENDANT IN THIS CASE.

14  AND SITTING NEXT TO ME IS JEFFREY CONNELLY WHO IS A GEORGIA

15  STATE GRADUATE WAITING ON HIS BAR RESULTS AND A BIGGER PAYCHECK,

16  I THINK, JUDGE.

17          THE COURT:  ALL RIGHT.  MR. HARBIN, YOU'RE, I BELIEVE,

18  THE MOVANT IN THIS CASE, SO I'LL LET YOU PROCEED.

19          MR. HARBIN:  MAY IT PLEASE THE COURT.  AGAIN, JOHN

20  HARBIN FOR THE PLAINTIFFS.  WE ARE HERE REGARDING INITIALLY

21  PLAINTIFF'S MOTION TO LIFT THE STAY THAT HAS BEEN ENTERED IN

22  THIS CASE ALLEGING SEXUAL TRAFFICKING IN VIOLATION OF 18 U.S.C.

23  1591, ET CETERA.  THE ALLEGATIONS ARE THAT THE DEFENDANTS UNDER

24  THE GUISE OF OPERATING FISHING TOURS IN THE AMAZONA AREA OF

25  BRAZIL ACTUALLY OPERATED FOR PROFIT SEXUAL TOURISM AND

1    VICTIMIZED WOMEN BELOW THE AGE OF MAJORITY, INCLUDING OUR

2    CLIENTS.  THERE WAS AT SOME POINT INDICATIONS OF A CRIMINAL

3    INVESTIGATION IN THE UNITED STATES.  THERE'S ALSO EVIDENCE OF AN

4    ONGOING CRIMINAL PROCEEDING IN BRAZIL.  BECAUSE OF THAT, A

5    LITTLE MORE THAN A YEAR AGO THE DEFENDANTS MOVED FOR A STAY OF

6    THE CASE UNDER SECTION 1595 OF TITLE 18.  AND BECAUSE AT THE

7    TIME WE HAD SOME EVIDENCE OF A RELATIVELY AND CURRENT

8    INVESTIGATION OF SOME KIND BY THE FEDERAL -- THE U.S. ATTORNEY'S

9    OFFICE, PARTICULARLY IN SOUTHERN DISTRICT OF FLORIDA, WE DID NOT

10   OPPOSE IT.  WE NOTED AT THE TIME WE DID NOT THINK THAT THE

11   BRAZILIAN PROCEEDING WAS RELEVANT.  WE BELIEVE AT THIS TIME,

12   YOUR HONOR, THE STAY SHOULD BE LIFTED, AND THERE ARE TWO PRIMARY

13   ISSUES.

14       FIRST, WE BELIEVE THAT THE REASONABLE INDICATIONS ARE THAT

15   THE UNITED STATES INVESTIGATION IS OVER.  WE'RE LEFT WITH

16   NOTHING BUT A SURMISE THAT THERE'S AN ONGOING INVESTIGATION

17   THAT -- IN THE KOLBEK CASE WE CITED ANOTHER DISTRICT COURT FOUND

18   WAS TOO WEAK EVIDENCE TO JUSTIFY A STAY.  AND SECOND, YOUR

19   HONOR, WE BELIEVED AND STILL AS A MATTER OF LAW THAT THE

20   CRIMINAL PROCEEDING IN BRAZIL IS IRRELEVANT AND DOES NOT JUSTIFY

21   A STAY UNDER THE STATUTE.  I'LL TAKE EACH OF THOSE ISSUES IN

22   TURN.

23       REGARDING THE ISSUE OF THE FEDERAL INVESTIGATION, SIMILAR

24   TO THE KOLBEK CASE IN WHICH THE DEFENDANT CITED A TWO-YEAR-OLD

25   QUOTE BY THE U.S. ATTORNEY THAT THERE WAS AN INVESTIGATION AND

1    AN ALLEGED RECENT (VERBATIM) TO THE DECISION IN THAT CASE,

2    RECENT INVESTIGATION OF THE PREMISES BY A FEDERAL AGENT.  THEY

3    CLAIMED THERE WAS THE ONGOING CRIMINAL PROCEEDING.  IN OUR CASE,

4    YOUR HONOR, THE ONLY EVIDENCE WE HAVE IS LIMITED STEPS TAKEN BY

5    THE U.S. ATTORNEY'S OFFICE TWO AND THREE YEARS AGO.  THERE WAS A

6    SUBPOENA ISSUED TWO YEARS AGO.  THERE WAS A LETTER TO THE

7    DEFENDANT -- INDIVIDUAL DEFENDANT'S THEN EX-WIFE THREE YEARS

8    AGO, AND THERE'S BEEN NOTHING SINCE.  THERE IS SIMILAR TO KOLBEK

9    ONLY A SURMISE THAT THERE IS A CRIMINAL PROCEEDING AT THIS TIME.

10          THE COURT:  HAVE YOU MADE ANY INQUIRY OF THE U.S.

11   ATTORNEY'S OFFICE AS TO WHETHER THEY'RE PURSUING THIS MATTER?

12          MR. HARBIN:  YES, WE HAVE, YOUR HONOR.  I HAVE

13   REPEATEDLY.  I BELIEVE WE NOTED THAT IN ONE OF THE INTERIM

14   REPORTS.  WE HAVE NOT GOTTEN ANY RESPONSE.  AT ONE POINT WE WERE

15   TOLD LAST YEAR THAT THEY MAY HAVE INFORMATION TO SHARE, AND THEN

16   WE HAVEN'T BEEN ABLE TO GET ANYTHING FURTHER OUT OF THAT.  AS

17   YOUR HONOR IS AWARE, I THINK YOU ALLUDED TO IN THE ORDER, IT'S

18   DIFFICULT TO KNOW WHEN A FEDERAL CRIMINAL PROCEEDING ENDS.  THEY

19   DON'T NORMALLY MAKE AN ANNOUNCEMENT.  THEY NORMALLY QUIETLY

20   EITHER ARE PUT ON THE SHELF OR PETER OUT.  AND TO ALLOW A STAY

21   IN THIS INSTANCE WOULD SERVE, WE BELIEVE, THE PURPOSES OF THE

22   STATUTE, PARTICULARLY THE CIVIL REMEDY THAT IS PROVIDED IN THE

23   STATUTE.  WE HAVE WAITED -- YOU KNOW, IT'S BEEN MORE THAN A YEAR

24   SINCE THE DEFENDANTS MOVED FOR A STAY, AND NOTHING FURTHER HAS

25   HAPPENED.

1          THE COURT:  WHAT'S THE STATUTE YOU'RE CITING NOW?

2          MR. HARBIN:  15 -- 18 U.S.C. 1591, ET CETERA.  THE

3   STAY, YOUR HONOR, IS IN 18:1595.

4          THE COURT:  I BELIEVE IN YOUR BRIEFS YOU CITED AS

5   TITLE 15.

6          MR. HARBIN:  OH, I APOLOGIZE FOR THAT MISTAKE, YOUR

7   HONOR.

8          THE COURT:  I BELIEVE THAT'S CORRECT.

9          MR. HARBIN:  AND IT'S CLEAR, YOUR HONOR, THE STAY

10  PROVISION IS -- THE KOLBEK COURT FOUND THIS IN A MORE RECENT

11  CASE IN JULY WE DISCOVERED WHICH I GAVE A COPY TO MR. WOLFE.  HE

12  SAID -- DEFENDANT'S COUNSEL, HE SAID HE HAD ALREADY SEEN.  THE

13  LOCUST CASE FROM THE SOUTHERN DISTRICT OF NEW YORK, JULY 17,

14  2012 DECISION, 2012 WESTLAW 2914136, IF I MAY APPROACH, ALSO

15  RECOGNIZES THAT THE PURPOSE OF THE STAY, YOUR HONOR, IS TO

16  PROTECT THE U.S. GOVERNMENT'S ABILITY TO CONDUCT AN EFFECTIVE

17  PROSECUTION AND FURTHER THE PURPOSES OF THE ACT.  IT IS NOT, AS

18  THE KOLBEK COURT HELD A COUPLE OF TIMES, IT IS NOT TO PROTECT

19  THE DEFENDANTS AND THE STAY PROVISION IS NOT TO PROTECT THE

20  DEFENDANTS.  WHEN THE CIVIL REMEDY WAS INITIALLY PROPOSED BY

21  CONGRESS THE DEPARTMENT OF JUSTICE OBJECTED BECAUSE THEY WERE

22  CONCERNED ABOUT THE AFFECT ON CRIMINAL PROSECUTIONS.  AND THE

23  STAY PROVISION WAS ENACTED TO ASSUAGE THOSE CONCERNS OF THE

24  DEPARTMENT OF JUSTICE.  IF YOUR HONOR HAS RESERVATIONS ABOUT

25  LIFTING THE STAY AT THIS POINT, ONE REMEDY IS TO -- WE WOULD

1    PROPOSE OR SUGGEST IS TO ORDER THAT A STAY BE LIFTED IN 30 DAYS

2    UNLESS THE DEPARTMENT OF JUSTICE INTERVENES AND REQUESTS THE

3    STAY BE CONTINUED, AND EITHER THE COURT COULD NOTIFY THE

4    DEPARTMENT OF JUSTICE OR DIRECT US TO FURTHER NOTIFY AND SEND A

5    COPY OF THE ORDER TO THE DEPARTMENT OF JUSTICE, AND WE WOULD DO

6    THAT.  I SUBMIT THAT THAT'S NOT NEEDED, AGAIN, BECAUSE THE

7    FEDERAL GOVERNMENT KNOWS ABOUT THIS CASE.  I'VE COMMUNICATED

8    WITH THE ATTORNEYS WHO WERE INVOLVED.  WE SENT OUT THESE -- THE

9    LEAD ASSISTANT U.S. ATTORNEY IN THE SOUTHERN DISTRICT OF FLORIDA

10   WHO WAS INVOLVED IN THIS LIMITED INVESTIGATION OF TWO OR THREE

11   YEARS AGO.  I'VE COMMUNICATED, ALBEIT INFORMALLY, WITH THE U.S.

12   ATTORNEY IN ATLANTA WHO WAS HEAVILY INVOLVED IN TRAFFICKING

13   ISSUES.  SO I THINK THE COURT -- THE DEPARTMENT OF JUSTICE KNOWS

14   ABOUT IT AND THERE'S BEEN NO ATTEMPT TO INTERVENE, WHICH THE

15   KOLBEK COURT SAID IS THE APPROPRIATE CASE FOR ENTERING A STAY,

16   IS WHEN THE GOVERNMENT INTERVENES AND ASKS FOR THE STAY.

17           THE COURT:  WELL, NOW, WHAT DO YOU SAY BECAUSE THE

18   DEFENDANT HAS ARGUED IN THE RESPONSE NOT ONLY AGAINST YOU ON THE

19   U.S. -- U.S. DISTRICT COURT PROSECUTION BY THE U.S. ATTORNEY,

20   BUT THE BRAZILIAN PROCEEDINGS?  AND I DON'T THINK I MADE ANY

21   DECISION ON THAT INITIALLY.

22           MR. HARBIN:  WE SUBMIT, YOUR HONOR, BOTH AS A MATTER

23   OF STATUTORY CONSTRUCTION AND THE LEGISLATIVE HISTORY THAT IT'S

24   CLEAR THAT THE CRIMINAL PROCEEDINGS THAT ARE TALKED ABOUT IN

25   REGARD TO THE STAY PROVISION OR CRIMINAL PROCEEDINGS IN THE

1   UNITED STATES, NOT FOREIGN PROCEEDINGS, THAT THOSE ARE

2   IRRELEVANT.  IN FACT IF THAT WERE A BASIS FOR STAYING CIVIL

3   CASE -- CIVIL LAWSUITS BY THE VICTIMS, SOME OF THE PURPOSES OF

4   THE STATUTE, THE REMEDIAL PURPOSES, WOULD BE THWARTED.  FIRST,

5   YOUR HONOR, I WOULD CITE AGAIN THE PURPOSE -- THE EXPRESSED

6   PURPOSE OF THIS PROVISION -- WELL, THE PURPOSE IS FOUND BY TWO

7   DIFFERENT COURTS AND IS FOUND BY THE LEGISLATIVE HISTORY, IS TO

8   PROTECT THE DEPARTMENT OF JUSTICE'S ABILITY TO CONDUCT --

9           THE COURT:  HAVE YOU GOT A COPY OF ANY OF THE

10  LEGISLATIVE HISTORY?

11          MR. HARBIN:  I DO, YOUR HONOR.  I HAVE A FULL COPY OF

12  THE RELEVANT PORTIONS WHICH ARE PAGES 16 THROUGH 18.  IF I MAY

13  APPROACH?

14          THE COURT:  ALL RIGHT.

15          MR. HARBIN:  AND THAT INCLUDES THE LANGUAGE, YOUR

16  HONOR, THAT WAS QUOTED IN KOLBEK AND I BELIEVE THE

17  YONKEST (PHONETIC) CASE ALSO WHERE THE DEPARTMENT OF JUSTICE

18  EXPRESSES THEIR CONCERN ABOUT AFFECTING OF THEIR INVESTIGATIONS.

19  AND I WOULD -- ANOTHER -- YOU KNOW, THE DEFENDANTS FOCUSES ON

20  THE WORD "ANY," BUT WHAT "ANY" IS MODIFYING IS CRIMINAL

21  PROCEEDINGS.  AND I SUBMIT THAT WHAT IS BEING DISCUSSED AND

22  CONTEMPLATED IN THE STATUTE IS CRIMINAL PROCEEDINGS IN THE

23  UNITED STATES.  WE DID NOT BRIEF THIS, BUT I FOUND, YOUR HONOR,

24  THERE IS VERY SIMILAR LANGUAGE USED IN 18 U.S.C. 3509, WHICH, AS

25  THE COURT IS PROBABLY FAMILIAR, DEALS WITH THE RIGHTS OF CHILD

1  VICTIMS OF FEDERAL CRIMES AND -- WELL, JUST CHILD VICTIMS IN

2  GENERAL, HOW THEY'RE HANDLED IN COURT IF THEY TESTIFY, WHAT

3  THEIR RIGHTS ARE.  SUB PART K OF 3509 IS A STAY PROVISION FOR

4  CIVIL CASES.  AND IT PROVIDES THAT WHEN THERE'S A CIVIL ACTION

5  TO RECOVER FOR THE CHILD VICTIM'S INJURIES ARISING OUT OF THE

6  SAME ACTIONS THAT LEAD TO THE CRIMINAL PROCEEDING, THAT CASE

7  WILL BE STAYED PENDING THE OUTCOME OF THE CRIMINAL PROCEEDING

8  AND THERE WON'T BE ANY REFERENCE TO THE CIVIL CASE IN THE

9  CRIMINAL PROCEEDING.  AND THE LAST CLAUSE, THAT THIS STAY WILL

10 LAST UNTIL THE FINAL ADJUDICATION OF THE CRIMINAL PROCEEDING IS

11 IDENTICAL TO THE LAST CLAUSE OF WHAT WE'RE DEALING WITH IN

12 SECTION 1595.  AND I THINK CLEARLY IN THAT CASE -- SECTION 3509

13 IS CLEARLY DEALING WITH GENERAL FEDERAL CRIMINAL PROCEDURES AND

14 THE RIGHTS OF CHILDREN, CHILD VICTIMS IN FEDERAL CRIMINAL

15 PROCEDURE AND JUST NOT AT ALL DEALING WITH INTERNATIONAL

16 PROCEEDINGS IN SOME FOREIGN JURISDICTIONS.

17     YOUR HONOR, WHEN CONGRESS WANTED TO MAKE ACCOMMODATIONS FOR

18 FOREIGN CRIMINAL PROCEEDINGS, THEY DID SO VERY CAREFULLY, AND

19 THEY DID IN THIS -- THESE AMENDMENTS TO THE TRAFFICKING --

20 ANTI-TRAFFICKING LEGISLATION, AND THAT IS SPECIFICALLY 18 U.S.C.

21 1596(B), WHICH PROVIDES, QUOTE, NO PROSECUTION MAY BE COMMENCED

22 AGAINST A PERSON UNDER THIS SECTION IF A FOREIGN GOVERNMENT IN

23 ACCORDANCE WITH JURISDICTION RECOGNIZED BY THE UNITED STATES HAS

24 PROSECUTED OR IS PROSECUTING SUCH PERSON FOR THE CONDUCT

25 CONSTITUTING SUCH OFFENSE EXCEPT UPON THE APPROVAL OF THE

1    ATTORNEY GENERAL OR THE DEPUTY ATTORNEY GENERAL OR THEN THEIR

2    DESIGNEE.

3         TWO RELEVANT POINTS, WE SUBMIT, YOUR HONOR, ABOUT THAT

4    LANGUAGE.  FIRST, IT SPEAKS OF ACTUAL PROSECUTIONS, NOT, QUOTE,

5    CRIMINAL PROCEEDINGS AS USED IN 1595.  SECOND AND MORE

6    IMPORTANT, IT ONLY APPLIES TO FOREIGN PROSECUTIONS IN ACCORDANCE

7    WITH JURISDICTION RECOGNIZED BY THE UNITED STATES.  IT IS WELL

8    ESTABLISHED THAT IN TOO MANY COUNTRIES IN THE WORLD, YOUR HONOR,

9    CRIMINAL PROCEEDINGS ARE A SHAM, THAT CRIMINAL ELEMENTS THAT

10   CAUSE SUCH THINGS AS HUMAN TRAFFICKING AND PROFIT FROM IT CAN

11   INSTITUTE, CAN HAVE INSTITUTED A CRIMINAL PROCEEDING.  YOU KNOW,

12   I WOULD ASK -- THIS IS NOT A TRAFFICKING CASE, BUT I WOULD ASK

13   THE COURT TO NOTE THE RECENT CRIMINAL CONVICTIONS IN RUSSIA OF A

14   FEMALE BAND FOR DOING A SATIRICAL CONCERT, ONE SATIRICAL

15   CONCERT, AND SOME OF THEM GOT TIME AND HARD LABOR.

16        WE EVEN PROVIDE SPECIAL IMMIGRATION STATUS, YOUR HONOR, TO

17   TRAFFICKING VICTIMS BECAUSE IT IS WELL KNOWN IN MANY PLACES

18   VICTIMS ARE NOT PROTECTED BY THEIR HOST GOVERNMENT, BUT THEY'RE

19   FURTHER VICTIMIZED.  IT WOULD SUBVERT SOME OF THE MOST IMPORTANT

20   PURPOSES OF THESE STATUTES IF THE PROTECTIONS AFFORDED TO

21   VICTIMS COULD BE HELD HOSTAGE BY A, QUOTE, CRIMINAL PROCEEDING

22   BEING STARTED IN A FOREIGN COUNTRY.  AND THAT IS NOT CLEARLY THE

23   COMPILATION OF THE STATUTE.  SO FOR THOSE REASONS, YOUR HONOR,

24   WE WOULD ASK THAT THE STAY BE LIFTED, THE ALTERNATIVE OBVIOUSLY

25   IS FURTHER INDEFINITE DELAY.  IT'S GOING TO BE DIFFICULT ENOUGH

1    TO CONDUCT DISCOVERY IN THIS INTERNATIONAL CASE INVOLVING PEOPLE

2    IN A VERY, VERY RURAL AREA OF AMAZONA.  WE'VE MET WITH THEM, OUR

3    CLIENTS, BUT YOUR HONOR IS WELL AWARE.  I DON'T NEED TO BELABOR

4    THE POINT ABOUT THE PROBLEMS THAT RESULT FROM LOST MEMORY AND

5    LOST DOCUMENTS AND COMPUTER RECORDS WHEN THERE IS A CONTINUING

6    DELAY IN CIVIL LITIGATION.  SO WE WOULD ASK THAT THE COURT LIFT

7    THE STAY AND ALLOW THE CASE TO PROCEED.  THANK YOU.

8              THE COURT:  ALL RIGHT.  MR. WOLFE.

9              MR. WOLFE:  GOOD DAY, JUDGE.  DO YOU MIND IF I SPEAK

10   FROM HERE, SIR?

11             THE COURT:  I THINK THE COURT REPORTER WOULD PROBABLY

12   ENJOY, APPRECIATE IT MORE IF YOU WOULD USE THE LECTERN.

13             MR. WOLFE:  ALL RIGHT.

14             THE COURT:  I DON'T -- SOMETIMES YOU OPERATE ALL RIGHT

15   FROM THAT MIC AT THE TABLE, BUT IT'S BETTER THERE.

16             MR. WOLFE:  I UNDERSTAND, JUDGE.  THANK YOU.  JUDGE,

17   THIS COURT ENTERED AN ORDER STAYING THIS PROSECUTION BECAUSE OF

18   THE EVIDENCE PRODUCED BY MR. SCHAIR WHICH UNTIL, LIKE THE

19   EVIDENCE PRODUCED IN KOLBEK, WAS NOT MERE SURMISE OR SPECULATION

20   THAT A PROSECUTION BY THE FEDERAL GOVERNMENT OF THE UNITED

21   STATES OUT OF THE SOUTHERN DISTRICT OF FLORIDA MAY HAVE BEEN

22   ONGOING IN THE UNITED STATES.  THE EVIDENCE THAT MR. SCHAIR

23   PRODUCED WAS A GRAND JURY SUBPOENA TO CO-DEFENDANT WET-A-LINE,

24   L.L.C. REFLECTING SPECIFICALLY THAT THERE WAS AN ONGOING

25   INVESTIGATION.  SECONDLY, WHAT I THINK WAS INCLUDED --

1           THE COURT:  WHAT WAS THE DATE OF THAT?

2           MR. WOLFE:  IT WAS TWO YEARS AGO, JUDGE.

3           THE COURT:  WELL, THE SAME PROSECUTION COULDN'T BE

4    ONGOING TODAY.  FEDERAL GRAND JURY IS LIMITED TO 18 MONTHS.

5           MR. WOLFE:  WELL, IT COULDN'T BE ONGOING TODAY WITH

6    THE SAME GRAND JURY.  CERTAINLY INVESTIGATIONS CAN GO ON WHEN

7    THEY IMPANEL ANOTHER GRAND JURY.

8           THE COURT:  I SAID WITH THAT GRAND JURY.

9           MR. WOLFE:  SURE.  AND I AGREE WITH YOU, YES, SIR.

10   THAT'S CORRECT.  MORE IMPORTANTLY THERE WAS ALSO A LETTER, NOT

11   A -- NOT A TARGET LETTER, BUT A LETTER SENT TO MR. SCHAIR'S WIFE

12   THAT WAS SUBMITTED IN EVIDENCE FROM THE UNITED STATES ATTORNEY'S

13   OFFICE ASKING HER TO PROVIDE CERTAIN INFORMATION AND ASKING HER

14   TO SUBJECT HERSELF TO INTERVIEWS BY THE FEDERAL BUREAU OF

15   INVESTIGATION.  SO THERE WAS AN ONGOING INVESTIGATION AND THE

16   COURT FOUND THAT THERE WAS OUT OF THE SOUTHERN DISTRICT OF

17   FLORIDA.  AS THE COURT KNOWS, WHEN YOU'RE DEALING WITH THE

18   UNITED STATES ATTORNEY'S OFFICE, AND I RUN INTO THIS QUITE

19   FREQUENTLY DOING CRIMINAL DEFENSE WORK, I'LL CALL THE U.S.

20   ATTORNEY'S OFFICE AND SAY, HEY, WE UNDERSTAND THAT THERE'S AN

21   ONGOING INVESTIGATION INTO MY CLIENT, HYPOTHETICALLY MR. SCHAIR,

22   AND THEY'LL SAY, SORRY, I CAN NEITHER CONFIRM OR DENY WHETHER OR

23   NOT THERE'S A GRAND JURY GOING ON BECAUSE IT'S SECRET.

24   MR. HARBIN JUST SAID TO THE COURT THAT SIX MONTHS AGO HE

25   CONTACTED THE U.S. ATTORNEY'S OFFICE, AND THEY TOLD HIM THAT

1   THERE MIGHT BE SOME MOVEMENT WITH REGARD TO A RESOLUTION OF THE

2   CASE SOON WHICH SUGGESTS TO ME THAT THAT CASE IS STILL ONGOING.

3   MORE IMPORTANTLY, MR. HARBIN POINTS OUT THAT THE GOVERNMENT

4   RARELY SHELVES AN INVESTIGATION AND MAKES AN ANNOUNCEMENT WITH

5   REGARD TO IT.  HOWEVER, WHEN THE GOVERNMENT CEASES TO BE ENGAGED

6   IN A GRAND JURY INVESTIGATION, THEY ARE FREE TO COMMUNICATE TO

7   THE PUBLIC OR TO ANY INQUIRIES WHETHER OR NOT THE INVESTIGATION

8   IS STILL GOING ON AND THEY CAN SAY, NO, THAT IT IS NOT.

9        SO NOW WHEN WE GO TO SECTION 1595, AS I SET OUT IN MY

10   BRIEF, THE STAY PROVISION IS WITH REGARD TO ANY CRIMINAL

11   INVESTIGATION OR ANY CRIMINAL PROSECUTION, AND THERE IS NO

12   LIMITATION.  SOME OF THE OTHER LANGUAGE IN THE PRECEDING CODE

13   SECTIONS 1591, 1590, AND SO FORTH, DO SAY IN THE DISTRICT COURT,

14   AND DO ALLUDE SPECIFICALLY TO ONGOING COURT PROCEEDINGS IN THE

15   UNITED STATES.  THE 1595 SPECIFICALLY SAYS, ANY CRIMINAL

16   PROSECUTION.

17        NOW, MR. HARBIN HAS SUGGESTED TO YOU THAT THE TRAFFICKING

18   VICTIMS PROTECTION ACT, AND THAT'S WHAT HE CITES TO IN HIS

19   BRIEF, LACKS MENTION OF ANY CONCERN ABOUT FOREIGN PROSECUTIONS

20   OR FOREIGN GOVERNMENT'S ABILITY TO ADDRESS TRAFFICKING.  AND

21   THAT MAY HAVE BEEN THE CASE IN 2003 WHEN THE TRAFFICKING VICTIMS

22   PROTECTION ACT WAS AMENDED.  THE ACT WAS INITIALLY ENACTED IN

23   2000.  IT WAS AMENDED IN 2003.  HOWEVER, IN 2008, JUDGE, THE ACT

24   WAS REAUTHORIZED.  IT WAS COMPLETELY REVISED, AND NOW IN FACT

25   IT'S CALLED THE T.V.P.R.A., TRAFFICKING VICTIM -- VICTIMS

1   PROTECTION REAUTHORIZATION ACT OF 2008 WHICH WENT INTO EFFECT, I

2   THINK, DECEMBER 23RD, 2008, AND ESSENTIALLY BECAME THE LAW OF

3   THE LAND IN JANUARY OF 2009.  WHAT IS CRITICALLY IMPORTANT WITH

4   REGARD TO THE ACT IS AT SECTION 103.  AND IF I MAY, I HAVE A

5   COPY OF THE ACT FOR THE COURT.  IT IS THE WILLIAM WILLBERFORCE

6   TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2008, IF I

7   MAY.

8            THE COURT:  ALL RIGHT.

9            MR. HARBIN:  I WOULD DIRECT THE COURT'S ATTENTION

10  SPECIFICALLY TO SECTION 103 WHICH IS REFLECTED ON THE COVER

11  SHEET OF THE ACT RIGHT UNDER 101 AND 102.  AND SECTION 103 OF

12  THE ACT ADDRESSES SPECIFICALLY PREVENTION AND PROSECUTION OF

13  TRAFFICKING IN FOREIGN COUNTRIES.  THAT'S ON THE COVER SHEET,

14  JUDGE, ON THE VERY, VERY FIRST PAGE IF YOU GO RIGHT BELOW WHERE

15  IT SAYS 22 U.S.C. A7101 NOTE.

16           THE COURT:  ALL RIGHT.

17           MR. WOLFE:  AND, JUDGE, WHAT THE ACT OF 2008

18  SPECIFICALLY DOES IS STRENGTHENS THE ABILITY OF THE UNITED

19  STATES GOVERNMENT THROUGH THE PRESIDENT TO ASSIST OTHER

20  COUNTRIES IN, AND IT REFERS US TO ACT SECTION 103.  22 UNITED

21  STATES CODE ANNOTATED 2152(D), WHICH TELLS US THAT THE ACT

22  AMENDS SECTION 2152 OF TITLE 22 -- AND THAT'S ON PAGE FOUR, BY

23  THE WAY, OF THE DOCUMENT THAT I JUST HANDED YOU -- IT SAYS THAT

24  THEY ARE GOING TO AMEND THE PROVISIONS OF THE ACT, THE

25  TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2008, TO

1   INCLUDE SPECIFIC LANGUAGE IN ADDITION TO JUST PEOPLE THAT ARE

2   DOING TRAFFICKING, IT INCLUDES FOR THE FIRST TIME INCLUDING

3   INVESTIGATION OF INDIVIDUALS AND ENTITIES THAT MAY BE INVOLVED

4   IN TRAFFICKING IN PERSONS INVOLVING SEXUAL EXPLOITATION.  IF YOU

5   GO TO 22 U.S.C.A. 2152(D), YOUR HONOR -- AND I HAVE A COPY OF

6   THAT FOR THE COURT ALSO -- YOU CAN SEE THAT THE AMENDMENT --

7   WELL, THE ENTIRE CODE SECTION, FOR THAT MATTER, ALLOWS THAT THE

8   PRESIDENT IS AUTHORIZED TO PROVIDE ASSISTANCE TO FOREIGN

9   COUNTRIES DIRECTLY DESIGNED TO MEET THE MINIMUM STANDARDS FOR

10  THE ELIMINATION OF TRAFFICKING INCLUDING, AND PARAGRAPH ONE

11  SAYS, THE DRAFTING OF LAWS TO PROHIBIT AND PUNISH ACTS OF

12  TRAFFICKING.  OBVIOUSLY THAT ASPECT OF THE CODE SECTION MEANS

13  THERE IN THEIR JURISDICTIONS.  AND, (B), THAT THE INVESTIGATION

14  AND PROSECUTION OF TRAFFICKERS INCLUDE PEOPLE THAT BENEFIT FROM

15  IT.  AND IF YOU LOOK AT THE COMMA AFTER TRAFFICKERS IN PARAGRAPH

16  TWO BEGINNING WITH INCLUDING, THAT'S THE AMENDMENT THAT CAME

17  DIRECTLY FROM THE 2008 REAUTHORIZATION OF THE ACT.  SO IT WOULD

18  SEEM TO ME BECAUSE CONGRESS HAS ENTITLED SECTION 103, PREVENTION

19  AND PROSECUTION OF TRAFFICKING IN FOREIGN COUNTRIES, THAT THE

20  LANGUAGE, ANY PROSECUTION, WOULD FALL SQUARELY WITHIN THE

21  LANGUAGE OF 1595 WHICH SAYS THAT MANDATORY STAY MUST BE IMPOSED

22  IF ANY INVESTIGATION OR PROSECUTION IS ONGOING.

23      INTERESTINGLY, JUDGE, 1596, THE SUBSEQUENT CODE SECTION,

24  SAYS THAT ANY UNITED STATES PROSECUTION MUST ALSO BE STAYED

25  UNTIL THE CONCLUSION OF ANY FOREIGN PROSECUTION WITH REGARD TO

1   ALLEGATIONS UNDER THE ACT.  SO I WOULD SUBMIT TO YOU THAT

2   FOREIGN PROSECUTIONS ARE WELL CONSIDERED IN THE REVISIONS FROM

3   2008 FORWARD, AND THAT THE PROSECUTION IN BRAZIL THAT WE HAVE

4   DEMONSTRATED TO YOU IS ONGOING BY THE AFFIDAVIT THAT WE FILED

5   FROM MR. SCHAIR'S LAWYER.  THAT AFFIDAVIT IS IN -- I MEAN, THAT

6   PROSECUTION IS IN PROGRESS AND IS ONGOING THROUGH 2012.  AND

7   WHERE HE DEMONSTRATED TO YOU WITH OUR EXHIBITS AND WITH THE

8   AFFIDAVIT, WHICH IS UNCONTROVERTED, THAT -- AND I DON'T EVEN

9   THINK MR. -- IF YOU READ MR. HARBIN'S RESPONSE TO OUR MOTION TO

10  STAY, WHICH I UNDERSTAND HAS BEEN WITHDRAWN, IT ACKNOWLEDGES

11  THAT A BRAZILIAN PROSECUTION IS ONGOING IN THE FEDERAL COURT FOR

12  MANAUS, BRAZIL IN THE FOURTH FEDERAL -- IN THE FOURTH FEDERAL

13  CIRCUIT THERE.  THEY ARE JUST SAYING IT DOESN'T COUNT BECAUSE IT

14  WASN'T CONTEMPLATED BY THE PLAIN LANGUAGE IN 1595 THAT SAYS, ANY

15  CIVIL PROSECUTION WILL BE STAYED DURING THE PENDENCY OF ANY

16  CRIMINAL ACTION.  IT'S ALSO IMPORTANT TO NOTE, JUDGE, THAT THE

17  ENACTMENT OF THE CIVIL STATUTE WHICH ALLOWS FOR THE CIVIL

18  PROSECUTION HERE -- I DON'T KNOW THAT MR. SCHAIR OR HIS COMPANY

19  IS SUBJECT TO THAT CODE SECTION, BUT EVEN IF IT IS, YOU HAVE TO

20  NOTE, JUDGE, THAT THE STATUTE OF LIMITATIONS FOR THAT CODE

21  SECTION SPECIFICALLY CONTEMPLATES HOW LONG IT TAKES TO PROSECUTE

22  A CRIMINAL CASE HERE AND/OR IN BRAZIL AS THE STATUTE OF

23  LIMITATIONS TO BRING THE ACTION IS TEN YEARS.

24      SO ONE LAST THING I WANT TO POINT OUT TO YOU IN THAT REGARD

25  WITH REGARD TO THE ISSUE OF A STAY, AND THAT IS IN THE ARA CASE

1    WHICH WAS CITED BY KOLBEK AND WAS CITED BY MR. HARBIN IN HIS

2    MOTION TO LIFT THE STAY, THE JUDGE SAYS SPECIFICALLY THAT WITH

3    REGARD TO A STAY OF A CRIMINAL CASE -- I MEAN, OF A CIVIL

4    PROSECUTION, THAT THE STAY CAN BE INDEFINITELY AND CAN BE

5    PERMANENT, AND THAT'S WHY THE IDENTIFICATION OF SPECIFIC

6    EVIDENCE WITH REGARD TO AN ONGOING PROSECUTION IS NECESSARY.

7    CERTAINLY IT'S PRETTY EASY IN THE KOLBEK CASE AND IN THE ARA

8    CASE TO DETERMINE THAT IF IN FACT THE FEDERAL GOVERNMENT COMES

9    IN AND SAYS, YOUR HONOR, WE'D LIKE TO INTERVENE AND STOP THIS

10   CIVIL ACTION BECAUSE WE HAVE AN ONGOING INVESTIGATION, THAT AN

11   INVESTIGATION IS GOING ON.  BUT WHAT'S IMPORTANT AND WHAT I

12   THINK, IF I'M -- IF MY READING OF THE LEGISLATIVE HISTORY OF

13   1595 IS CORRECT, THE THING THAT THE FEDERAL GOVERNMENT THROUGH

14   THE JUSTICE DEPARTMENT, WHAT THEY OBJECTED TO WAS THE FACT THAT

15   PEOPLE WERE GOING TO BE ABLE TO BRING CIVIL ACTIONS IN THIS

16   COUNTRY FOR CONDUCT THAT OCCURRED WITH REGARD TO SEX TRAFFICKING

17   OR HUMAN TRAFFICKING.  AND WHAT THEY OBJECTED TO WAS CIVIL

18   DISCOVERY WHILE THERE WAS AN ONGOING PROSECUTION.

19       SO IT WAS THE VERY ACT OF A CIVIL ACTION -- THE POTENTIAL

20   FOR A CIVIL ACTION THAT THE JUSTICE DEPARTMENT OBJECTED TO

21   BECAUSE THEY SAID, WOW, THAT'S GOING TO GIVE THEM INFORMATION

22   THEY'RE NOT OTHERWISE ENTITLED TO UNDER THE FEDERAL RULES OF

23   CRIMINAL PROCEDURE THROUGH INTERROGATORIES, DEPOSITIONS, AND

24   THOSE SORTS OF THINGS.  SO IF YOU'RE GOING TO PASS THAT CODE

25   SECTION AND ALLOW CIVIL LITIGATION, YOU'RE GOING TO HAVE TO

1  PROVIDE FOR A STAY UNTIL ANY CRIMINAL PROSECUTION HAS CONCLUDED

2  BEFORE -- BEFORE THAT MATTER IS ALLOWED TO MOVE FORWARD.  AND

3  CERTAINLY IT'S EASIER FOR THE GOVERNMENT TO STEP IN AND PROVE IT

4  THAN IT IS FOR SOMEBODY LIKE MR. KOLBEK WHO SAID HE HEARD

5  SOMETHING OR HE HEARD A PROSECUTOR SAY, AS OPPOSED TO MR. SCHAIR

6  WHO'S PRESENTED DIRECT EVIDENCE OF A GRAND JURY INVESTIGATION,

7  WHICH APPARENTLY MR. HARBIN CORROBORATED WITHIN THE PAST SIX

8  MONTHS AS THE UNITED STATES ATTORNEY SAID, WE SHOULD BE COMING

9  TO A -- WE SHOULD GET SOME MOVEMENT ON THAT, YOU KNOW, SOON.  SO

10 I DO THINK THAT THINGS ARE MOVING FORWARD WITH THE SOUTHERN

11 DISTRICT OF FLORIDA.  BUT EVEN IF THEY'RE NOT, THERE'S NO

12 CONTEST THAT A PROSECUTION IS ONGOING IN BRAZIL, WHICH WAS

13 SPECIFICALLY CONTEMPLATED BY THE TRAFFICKING VICTIMS PROTECTION

14 REAUTHORIZATION ACT OF 2008.

15     IT IS INTERESTING AND I DO WANT TO SHARE ONE THING WITH

16 YOU.  YOU KNOW, THERE ARE NO LIMITATIONS ON THE MANDATORY STAY

17 OR THE BASIS FOR IT IN 1595 OTHER THAN THE LEGISLATIVE HISTORY.

18 BUT I DO WANT TO POINT OUT TO YOU, JUDGE, THAT THERE'S A SIMILAR

19 STATUTE WITH REGARD TO FORFEITURE ACTIONS WHILE A CRIMINAL CASE

20 IS ONGOING.  IT'S 18 U.S.C. 981(G)I AND II.  AND THE INTERESTING

21 THING ABOUT THAT CODE SECTION IS THAT IT LAYS OUT SPECIFICALLY

22 WHEN THE UNITED STATES GOVERNMENT CAN MOVE FOR A STAY AND UNDER

23 WHAT CIRCUMSTANCES, AND IT LAYS OUT SPECIFICALLY WHEN THE

24 DEFENDANT CAN MOVE FOR A STAY AND UNDER WHAT CIRCUMSTANCES.  AND

25 WHAT'S IMPORTANT FROM MY PERSPECTIVE, BECAUSE I'VE ENCOUNTERED

1 IT AS A CRIMINAL DEFENSE LAWYER WITH REGARD TO G(II), IS THAT IT

2 ADDRESSES SPECIFICALLY THE CONSTITUTIONAL RIGHTS AND PROTECTIONS

3 THAT COULD BE INFRINGED UPON OF SOMEBODY SUSPECTED OF CRIMINAL

4 ACTIVITY AND SOMEBODY WHO MAY BE INDICTED IN A CRIMINAL CASE, A

5 LA, THE FIFTH AMENDMENT, THE DUE PROCESS CLAUSE, THE

6 FOURTEENTH AMENDMENT AND THOSE SORT OF THINGS.  SO I SUBMIT TO

7 YOU THAT THAT'S ANOTHER CODE SECTION THAT DEALS WITH ESSENTIALLY

8 THE EXACT SAME THING, A STAY OF A CIVIL LITIGATION, BUT IT'S

9 MUCH, MUCH, MUCH MORE SPECIFIC.  BUT IT DEMONSTRATES CLEARLY

10 THAT CONGRESS CONTEMPLATED NOT ONLY THE RIGHTS OF THE GOVERNMENT

11 IN IMPOSING A STAY, IT ALSO CONTEMPLATES THE INFRINGEMENT ON THE

12 CONSTITUTIONAL RIGHTS OF A CRIMINAL DEFENDANT THAT MIGHT BE

13 IMPUGNED SHOULD A CIVIL LITIGATION GO FORWARD.

14     SO FOR ALL THOSE REASONS, JUDGE, I SUBMIT TO YOU THAT THERE

15 IS AN ONGOING CRIMINAL PROSECUTION IN ONE OF TWO LOCATIONS.  I

16 HAVE ABSOLUTELY NO OBJECTION, AND I SHARED WITH MR. HARBIN AS --

17 BEFORE THE HEARING BEGAN -- I HAVE NO OBJECTION TO THE COURT

18 INQUIRING IN CAMERA OF THE U.S. ATTORNEY'S OFFICE IN THE

19 SOUTHERN DISTRICT OF FLORIDA TO DETERMINE WHETHER OR NOT THE

20 INVESTIGATION THAT YOU AND MR. HARBIN AGREED WAS ONGOING HAS

21 CONCLUDED, AND I WOULD ALSO SUBMIT THAT YOUR ORDER WITH REGARD

22 TO THE STAY SUGGESTS THAT IF IN FACT ANYONE BECOMES AWARE OF

23 EVIDENCE THAT A PROSECUTION HAS BEEN TERMINATED OR THAT AN

24 INVESTIGATION HAS CONCLUDED, THEY CAN BRING THAT FORWARD TO THE

25 COURT AND YOU'LL RECONSIDER THE STAY.  I THINK THAT WAS DIRECTED

1   AT THE PLAINTIFF, AND THE PLAINTIFF HAS OFFERED NO SUCH EVIDENCE

2   TO THE COURT.   THANK YOU.

3         MR. HARBIN:   YOUR HONOR, A FEW POINTS UNLESS YOUR

4   HONOR HAS ANY SPECIFIC QUESTIONS.   THIS -- FIRST TO DEAL WITH

5   THE LAST POINTS, THIS -- THE PURPOSE OF THIS STATUTE WAS CLEARLY

6   THE LEGISLATIVE HISTORY TO PROTECT THE ABILITY OF THE GOVERNMENT

7   TO PROSECUTE, NOT TO PROTECT THE RIGHTS OF THE DEFENDANTS, AND

8   THAT'S WHAT THE KOLBEK COURT FOUND.   AND IT WASN'T TO PROTECT

9   THE FOREIGN PROSECUTIONS.   IT WAS CLEARLY THE DEPARTMENT OF

10  JUSTICE EXPRESSING CONCERNS ABOUT THEIR ABILITY TO ACCOMPLISH

11  THE ACTS OF THE STATUTE WOULD INCLUDE PROTECTING THE VICTIMS AND

12  ENFORCING U.S. CRIMINAL PROCEEDINGS WHEN THERE HAVE BEEN

13  CRIMINAL VIOLATIONS.

14        THE COURT:   LET ME ASK YOU IN THAT REGARD WHEN WAS THE

15  LAST COMMUNICATION YOU HAD WITH THE U.S. ATTORNEY'S OFFICE IN

16  THE SOUTHERN DISTRICT OF FLORIDA?

17        MR. HARBIN:   YOUR HONOR, I TRIED TO NAIL THAT DOWN

18  BEFORE THE HEARING.   I DON'T HAVE IT EXACTLY.   I'VE HAD -- WELL,

19  I'VE E-MAILED THE U.S. ATTORNEY -- ASSISTANT U.S. ATTORNEY WHO

20  WAS RESPONSIBLE FOR WHATEVER PROCEEDING -- INVESTIGATION THEY

21  WERE DOING A FEW YEARS AGO AT LEAST FOUR, IF NOT FIVE OR SIX

22  TIMES.   I THINK I'VE HAD TWO RESPONSES FROM HIM.   THE LAST

23  RESPONSE I GOT WAS IN 2011, AND THEY NEVER SAID ANYTHING TO THE

24  EFFECT TO INDICATE THERE WAS AN ONGOING GRAND JURY

25  INVESTIGATION, MUCH LESS AN EXISTING OR ONGOING -- THEN ONGOING

1   PROCEEDING OR INVESTIGATION OF ANY KIND.  THEY SAID, WE MAY BE

2   IN A POSITION TO TELL YOU SOMETHING IN THE FUTURE.  I MEAN,

3   THEIR GENERAL ANSWER IS, WE'RE NOT GOING TO TELL YOU ANYTHING,

4   AS MR. WOLFE HAS EXPERIENCED, AS THE COURT I'M SURE HAS

5   EXPERIENCED HUNDREDS OF TIMES.  THEY DON'T TELL PEOPLE WHEN

6   THEIR INVESTIGATIONS ARE PRACTICALLY OR EITHER OFFICIALLY

7   CLOSED.  AND THAT'S ONE OF THE PROBLEMS WE HAD IS GENERALLY

8   CRIMINAL INVESTIGATIONS ARE UNOFFICIALLY CLOSED.  I MEAN,

9   SOMETHING COULD COME UP IN OUR CASE THAT COULD REOPEN AN

10  INVESTIGATION, BUT THEY NEVER -- THEY DON'T HAVE AN OFFICIAL

11  ANNOUNCEMENT, THIS INVESTIGATION IS CLOSED.  THERE CLEARLY

12  HAS -- WHAT THE CHANGE OF CIRCUMSTANCES HAS BEEN ANOTHER MORE

13  THAN A YEAR HAS PASSED, AND NOTHING ELSE HAS HAPPENED.  AND WE

14  HAVE BEEN IN REPEATED CONTACT WITH THEM TRYING TO GET

15  INFORMATION.  THEY KNOW THIS CASE IS OUT THERE, AND THEY'VE

16  NEVER SOUGHT TO INTERVENE.  SO, AGAIN, I THINK IF YOUR HONOR IS

17  CONCERNED ABOUT WHETHER YOU'RE GOING TO IMPACT FEDERAL

18  INVESTIGATION, THE EASY REMEDY IS OUR SUGGESTION OF ORDERING A

19  LIFTING OF THE STAY IN A DATE CERTAIN, SAY, 30 DAYS FROM THE

20  DATE OF THE ORDER WITH EITHER THE COURT OR US BEING DIRECTED TO

21  GIVE NOTICE TO THE DEPARTMENT OF JUSTICE.  BUT, AGAIN, I SUBMIT

22  THAT'S NOT REQUIRED.

23      YOUR HONOR, THE STATUTE THAT THEY REFERRED TO, THE 2008

24  AMENDMENTS, WAS NOT BRIEFED.  I DON'T THINK IT'S DIRECTLY

25  RELEVANT, CERTAINLY DIDN'T AMEND THE RELEVANT PROVISIONS OF THE

1  CIVIL REMEDIES OR THE STAY OR 1596.  WHAT I DO THINK THIS

2  STATUTORY SCHEME IS RELEVANT FOR IS TO SHOW THAT THERE IS AN

3  ONGOING CONCERN BY THE U.S. GOVERNMENT THAT HUMAN TRAFFICKING IS

4  NOT SUFFICIENTLY RECOGNIZED INTERNATIONALLY.  AND THIS IS AN

5  EFFORT -- WELL, IT SAYS SPECIFICALLY, THE FIRST PROVISION THEY

6  CITED, THE PRESIDENT IS AUTHORIZED TO PROVIDE ASSISTANCE TO

7  FOREIGN COUNTRIES DIRECTLY OR THROUGH NON-GOVERNMENTAL AND

8  MULTI-LATERAL ORGANIZATIONS FOR PROGRAMS, PROJECTS, AND

9  ACTIVITIES DESIGNED TO MEET THE MINIMUM STANDARDS FOR THE

10 ELIMINATION OF TRAFFICKING, THE MINIMUM STANDARDS.  BECAUSE

11 CLEARLY IN FOREIGN COUNTRIES NOT ENOUGH IS BEING DONE TO FIGHT

12 TRAFFICKING.  AND I BELIEVE THIS BILL PROVIDES THAT WHAT FOREIGN

13 GOVERNMENTS ARE DOING OR NOT DOING TO FIGHT TRAFFICKING IS

14 SUPPOSED TO BE PART OF THE FOREIGN POLICY CONSIDERATION OF THE

15 EXECUTIVE BRANCH THAT PROVIDES FOR INCREASED BORDER EFFORTS BY

16 HOMELAND SECURITY TO HELP VICTIMS OF TRAFFICKING, ET CETERA.  IT

17 IS THE RECOGNITION THAT THERE'S NOT ENOUGH BEING DONE IN MUCH,

18 AND I WOULD SUBMIT MOST OF THE REST OF THE WORLD, AND WE HAVEN'T

19 GONE INTO THIS.  WE WOULD GLAD TO BRIEF IT IF THE COURT'S

20 INTERESTED -- I THINK THAT'S TRUE IN BRAZIL.  BUT TO USE THAT

21 CONCERN TO SUPPORT AN ARGUMENT THAT A DISTRICT COURT IN THE U.S.

22 SHOULD STAY A U.S. CIVIL PROCEEDING TO ALLOW SOME INDEFINITE

23 FOREIGN, QUOTE, CRIMINAL PROCEEDING, CLOSED QUOTE, TO CONTINUE

24 IS TOTALLY CONTRARY, I THINK, TO NOT ONLY THE PURPOSE OF THE

25 STATUTE, BUT TO THE IMPORT OF THIS 2008 AMENDMENTS.  THERE

1  CLEARLY IS A RECOGNITION -- THAT'S WHY -- THAT IS WHY THE

2  JURISDICTION WAS BROUGHT IN THE FIRST PLACE TO GIVE U.S. COURTS

3  AUTHORITY IN CERTAIN CIRCUMSTANCES SUCH AS A DEFENDANT WHO

4  ALLEGEDLY THAT WHILE IN THE U.S. HAS BEEN OPERATING A FOREIGN

5  BUSINESS, THAT IS WHY COURTS WERE GIVEN EXTRA -- EXTRA

6  TERRITORIAL JURISDICTION TO ENTERTAIN CRIMINAL CASES AND TO

7  PROVIDE REMEDIES FOR THE VICTIMS IN CIVIL PROCEEDINGS BECAUSE

8  NOT ENOUGH IS DONE IN FOREIGN COUNTRIES.  THANK YOU.

9          MR. WOLFE:  JUDGE, MAY I SHARE ONE OTHER THING WITH

10 THE COURT?  I JUST WANT TO POINT OUT TO YOU THAT THE 2008 ACT

11 WITH REGARD TO SECTION 103 ALSO PRESCRIBES CHANGES TO SECTION

12 134(A)II OF THE FOREIGN ASSISTANCE ACT OF 1961 BY ADDING,

13 INVESTIGATION OF PERSONS OR ENTITIES SUSPECTED OF TRAFFICKING

14 PERSONS FOR SEXUAL EXPLOITATION AS AN AUTHORIZATION -- AND AS AN

15 AUTHORIZED ACTIVITY FOR WHICH THE PRESIDENT MAY AUTHORIZE

16 ASSISTANCE TO FOREIGN GOVERNMENTS.

17     SO I THINK THAT THAT SECTION 103 BY ITS CAPTION ALONE

18 INDICATES THAT WE ARE ATTEMPTING TO HELP FOREIGN GOVERNMENTS TO

19 WRITE LAWS AND HELP THOSE GOVERNMENTS PROSECUTE THESE CASES.

20 THE AMENDMENT TO THE FOREIGN ASSISTANCE ACT OF 1961 EMPHASIZES

21 THAT IT IS ENCOURAGING PROSECUTIONS IN THESE FOREIGN

22 JURISDICTIONS AND IS HELPING IN ANY WAY THEY CAN TO KEEP THEM

23 MOVING FORWARD WITH THEIR EFFORTS.

24          THE COURT:  ALL RIGHT.  I GUESS THE CASE IS RIPE FOR

25 THE COURT.  WE'VE GOT SOME STUFF BACKED UP, SO WE HAVE ARGUMENT

```
1  TIME AVAILABLE, BUT GETTING TO IT OTHERWISE MAY NOT BE QUITE AS

2  QUICK.  OH, THERE'S ONE OTHER MATTER, THOUGH.  I SEE IT THAT ON

3  THE MOTION LIST THERE'S NOT ONLY THE MOTION TO LIFT THE STAY,

4  THERE'S A MOTION TO SEAL EXHIBITS 1, 2, AND 3 TO THE AFFIDAVIT.

5  I'M NOT SURE THIS SAYS WHOSE AFFIDAVIT.

6              MR. WOLFE:  JUDGE, THAT WOULD BE MY MOTION.

7              THE COURT:  IT'S YOUR MOTION.  THAT'S CORRECT.

8              MR. WOLFE:  BUT MY UNDERSTANDING IS FROM A

9  COMMUNICATION FROM MR. HARBIN ON MY WAY UP HERE THAT THEY ARE

10 WITHDRAWING THAT MOTION AT THIS TIME RESERVING THE RIGHT TO

11 BRING IT AT SOME TIME IN THE FUTURE IF THEY SO CHOOSE.

12             THE COURT:  WAIT A MINUTE.  IT'S YOUR MOTION.

13             MR. WOLFE:  WELL, THEIR --

14             MR. HARBIN:  WE NOTIFIED MR. WOLFE WE ARE WITHDRAWING

15 OUR OBJECTION AT THIS TIME.

16             THE COURT:  ALL RIGHT.  HE SAYS YOU WERE WITHDRAWING

17 YOUR MOTION.

18             MR. WOLFE:  I BEG YOUR PARDON.

19             THE COURT:  IT WASN'T YOUR MOTION.

20             MR. HARBIN:  WE WOULD BE ALLOWED TO RESERVE THE RIGHT

21 TO COME IN LATER AND SAY THESE DOCUMENTS DON'T MERIT BEING

22 SEALED, BUT WE DON'T OBJECT TO THEM BEING SEALED AT THIS TIME.

23             THE COURT:  ALL RIGHT.  I WILL TAKE THE MATTER UNDER

24 ADVISEMENT AND TRY TO GET AN ORDER OUT IN DUE COURSE.  THANK

25 YOU, COUNSEL --
```

1          MR. WOLFE:  THANK YOU, JUDGE.

2          MR. HARBIN:  THANK YOU, JUDGE.

3          THE COURT:  -- IN TRYING TO ASSIST US A LITTLE BIT.

4               (PROCEEDINGS ADJOURNED.)

C E R T I F I C A T E


UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, MONTRELL VANN, CCR, CSR, RPR, RMR, CRR, OFFICIAL COURT

REPORTER OF THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN

DISTRICT OF GEORGIA, ATLANTA, DO HEREBY CERTIFY THAT THE

FOREGOING 24 PAGES CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS

HAD BEFORE THE SAID COURT, HELD IN THE CITY OF GAINESVILLE,

GEORGIA, IN THE MATTER THEREIN STATED.

    IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS, THE

4TH DAY OF FEBRUARY 2013.


                              _____
                              MONTRELL VANN, CCR,CSR,RPR,RMR,CRR
                              OFFICIAL COURT REPORTER
                              UNITED STATES DISTRICT COURT